(103 So. 517)

No. 27061.

LEMANN v. ASCENSION PARISH SCHOOL
BOARD et al.

In re GONZALES et al.

(March 11, 1925. Rehearing Denied March 30,
1925.)

*(Syllabus by Editorial Staff.)*

1. Certiorari ⊕⇒31—Prohibition ⊕⇒13—Allegations in application and return thereto not considered, where question has become moot.

On application for writs of certiorari and prohibition to review propriety of injunction restraining members of school board from holding special meeting in December, 1924, where time for holding such meeting has passed, and result of injunction has been accomplished by lapse of time, the question has become moot, and allegations contained in application and return will not be considered.

2. Certiorari ⊕⇒15—Prohibition ⊕⇒5(2)—Will lie to prohibit district judge from restraining school board from holding regular meeting, where no reason for interference therewith shown.

Where school board of parish of Ascension was authorized by Act No. 100 of 1922, § 20, to hold regular meetings during first week of January, April, July, and October, and no reason was shown why right of school board to transact its lawful business at regular meeting in April should be interfered with, alternative writs of certiorari and prohibition, restraining and prohibiting district judge from issuing any order or injunction interfering with or restraining school board from holding their next regular meeting, would be made peremptory.

3. Evidence ⊕⇒83(2)—Presumed that school board will properly discharge its duties.

It will be presumed that members of a school board will properly discharge their duties.

Application by Lester Gonzales for writs of certiorari and prohibition to review propriety of injunction issued by the district judge in suit by Walter Lemann against the Ascension Parish School Board and others, restraining such school board from holding their regular meeting. Alternative writs made peremptory. ·

Caleb C. Weber, of Donaldsonville, for applicants.

B. B. Purser, of Amite, and Laycock, Borron & Laycock, of Baton Rouge, for respondent.

ROGERS, J. Relators are 7 of the 10 members constituting the school board of the parish of Ascension. On December 17, 1924, through their agent C. C. Weber, they presented a written request to Emile Leboeuf, president, to call a special meeting for December 22, 1924, for the sole purpose of organizing the new school board and electing its officers for the ensuing four years. This request having been refused, on December 18, 1924, they addressed written communications to the other members, notifying them of their intention to meet in special session as the school board on the day, and for the purposes set forth in their request to the president to call said meeting.

On December 22, 1924, Walter Lemann, a member of said school board, and who was one of the three members receiving notice of the call for the special meeting issued by relators, filed suit in the district court for the parish of Ascension against the school board and the remaining 9 members thereof to enjoin them from holding said special meeting, and from taking any steps to organize said board prior to the time set forth in the statute (Act 100 of 1922) governing the organization of parish school boards.

A temporary restraining order, to expire December 29, 1924, was issued on this petition. Subsequently this order was extended to January 7, 1925.

On January 3, 1925, upon motion of relators showing that the days for holding the regular meetings of the said school board were fixed by section 20 of Act 100 of 1922 for the first week of January, April, July, and October of each year, the district judge issued an order modifying his original restraining order so as to permit the school board to hold its regular meeting during the first week

of January, 1925, and such other regular meetings as provided by law.

Upon the issuance of this modification of the original restraining order, six of the relators, the seventh being absent from the parish at the time, served notices on the remaining members, Leboeuf, Lemann, and Lorio, for the purpose of holding the regular meeting of the school board on January 7, 1925, to transact the regular business of said board.

Plaintiff, Lemann, thereupon filed a supplemental petition, upon which he secured another order from the district judge continuing in force the original and modified orders to the extent only of permitting the said board to "meet in regular session to transact all business of said board except that of attempting to elect any of the officers of said board referred to in the original petition, until further orders of this court."

The defendants named in said supplemental petition then applied to the Court of Appeal for the First Circuit for writs of certiorari and prohibition, and obtained an order from one of the judges of said court prohibiting the district judge from proceeding further in the cause pending action on a rule to show cause why the writs applied for should not be made peremptory.

Plaintiff applied for relief to this court, which, under date of January 15, 1925, suspended the order of the Court of Appeal, and, on January 31, 1925, it appearing from the return of the several judges of the said Court of Appeal and the attorney for the original defendants, relators before said court, that the Court of Appeal, admittedly, was without jurisdiction in the matter, the alternative writs of prohibition and certiorari were made absolute.

On February 2, 1925, this court issued to the district court the alternative writs of prohibition and certiorari which are now before us for consideration.

[1-3] It is unnecessary for us to discuss the issues presented by the allegations contained in relators' application and in the averments of the returns of the respondents. Such discussion would be purely academic, since the original controversy has now become merely a moot question. The purpose of the plaintiff below in filing his suit was to enjoin the holding of the special meeting of December 22, 1924, and to prevent the election prior to the regular meeting in January, 1925, of the superintendent to serve as the head of the parish school system for the four years beginning July 1, 1925. This result has been accomplished by the lapse of time. The regular meeting fixed for the first week of January, 1925, has passed into the parochial history, and the regular meeting to be held in the first week of April, 1925, is close at hand. We see no reason why the right of the school board to transact its lawful business at its regular meeting in April, 1925, should be interfered with. It is to be presumed that the members of the school board will properly discharge their duties. If however they should act illegally or beyond their powers, full redress may be had in the courts by any interested party who may feel aggrieved thereby.

For the reasons assigned, the rule nisi herein issued is now made absolute, and the writs of certiorari and prohibition herein issued are made peremptory, and, accordingly, the respondent judge is restrained and prohibited from issuing any order or injunction, temporary, preliminary, or otherwise, and from interfering with and restraining relators and the school board of the parish of Ascension from holding its regular meeting, or performing any of the duties and functions with which they are charged by law, including that of electing its officers in accordance with law. Each litigant to bear his own costs.