No.——

First Circuit

CHISHOLM v. HINSON

(December 7, 1926. Opinion and Decree.)
(Dec. 23, 1926. Supplemental Opinion.)

(*Syllabus by the Editor*)

1. **Louisiana Digest—Appeal—Par. 509.**

The court will not consider moot questions but will dismiss an appeal if based thereon.

2. **Louisiana Digest—Elections by the People—Par. 73.**

The provisions in Section 25 of Act 113 of 1921 amending prior acts concerning contests in general elections which were not contained in Section 27 of Act 97 of 1922 on the same subject matter are repealed.

Appeal from District Court, Parish of Vernon. Hon. Hal. A. Burgess, Judge.

Action by James T. Chisholm against Wm. Joseph Hinson.

There was judgment for defendant and plaintfif appealed.

Judgment affirmed.

Ferguson & Newman, of Leesville, attorneys for plaintiff, appellant.

Hardin, Hardin & Cavanaugh, of Leesville, attorneys for defendant, appellee.

LECHE, J. This appeal is from a judgment deciding a primary election contest. The plaintiff, the defendant and another were candidates for the position of member of the School Board of Directors of the Parish of Vernon at the general primary election held on September 14, 1926. Neither one of them secured a majority of the votes cast at that election, and the plaintiff and defendant, having received the highest number of votes, were relegated to a second primary held on the 19th of October following. At the second primary, defendant, having been recognized as the candidate with a majority of the votes cast, plaintiff in due time filed the present contest. The trial judge after due trial and hearing on October 30, 1926, having decided in favor of defendant, the present appeal was then and there taken by plaintiff, the appeal being made returnable to this court at Lake Charles on November 4, 1926. Appellant filed the record in due time at Baton Rouge, the domicile of this court. The case was then fixed for hearing in Baton Rouge on December 6, 1926.

Appellee moves to dismiss on two grounds, substantially: (1) That the record was not filed at the proper returning point, and (2) that the questions at issue

were all decided at the general election held on November 2, 1926. Under the rules of this court, appeals from the Parish of Vernon are made returnable at Lake Charles, as provided in the order of appeal, but appellant, through inadvertence, brought the record and filed same at Baton Rouge. Conceding, however, that this might be only an irregularity, and not fatal to the appeal, the second ground for dismissal seems to us to be well taken.

At the general election held on November 2, 1926, the defendant was declared elected and the returns of the election, as promulgated by the secretary of state, so hold. As the general election has settled all the issues involved herein, the case only presents moot questions and the appeal should be dismissed. We so held in the case of Cole vs. Weldon, decided February 15, 1921 See also State ex rel. vs. Democratic Committee, 123 La. 384, 48 South. 1005.

During the argument of the case plaintiff's counsel was asked whether the general election had not effectually decided the case. He stated that he thought not, and seemed to quote some law to sustain his contention. He has filed no brief or memorandum of authorities. We have not been able, in the short space of time within which this case must be decided, twenty-four hours, to find any statute or amendment to the primary election law under which a judgment reversing that appealed from would have the effect of annulling the result of a general election as promulgated by the secretary of state or setting the same at naught. We see no alternative to a dismissal of the appeal.

This appeal is therefore dismissed at the costs of contestant and appellant.

## PER CURIAM:

Our attention is called by plaintiff and contestant to an alleged error in our judgment in the above matter, rendered at Baton Rouge on December 7, 1926, in order that we may, upon our own motion, correct the same in accordance with the provisions of Section 27 of Act 97, p. 178, of 1922, known as the primary election law.

The alleged error is said to consist in this, that according to Section 25 of Act 35 of 1916, as amended by Act 113, p. 242, of 1921, the election of a contestee whose name appeared on the ticket in the general election shall become null and void if a judgment in a contest, rendered after the election, should hold that the contestant's name instead of the contestee's name should have appeared upon such ticket.

This provision of Act 113 of 1921 was not cited in brief or in the answer to the motion to dismiss by contestant, when the case was heard on December 6, 1926, in Baton Rouge, as will appear by the opinion heretofore rendered, but if it had been cited we are still of the opinion that it could not have affected or changed the conclusions which we then reached. The provision under discussion is notably absent from and left out of a similar section of the Act of 1922 upon the same subject matter. The Legislature evidently left it out designedly because of its retroactive effect.

There is here no question of the fairness and regularity of the general election held on November 2, 1926. At that election contestee, the defendant, was declared duly elected by a majority of the voters entitled to take part in that election. No court of justice or other branch of the government has the right or power to avoid or set aside the will of the people when fairly and regularly expressed. The

cited provision if not repealed would be clearly unconstitutional, null and void. We therefore see no error to correct.·