LAND, J.
 

 James B. Hill, B. E. McCarthy, and J. C. Bradford obtained judgment in the sum of $96,000 against W. Harry Johnson in the district court of Caddo parish.
 

 Thereafter, in the suit in that court of the General Motors Truck Company of Louisiana, Inc., against the Caddo Transfer & Warehouse Company, Inc., W. Harry Johnson was appointed receiver. As such, he filed a list of the ordinary creditors of the Caddo Transfer
 
 &
 
 Warehouse Company, Inc., prior to the receivership, together with an application to pay the creditors listed a 10 per cent, dividend aggregating $2,700.
 

 In execution -of their judgment for $98,000 against W. Harry Johnson, Hill et al. issued a writ of fieri facias and garnisheed Johnson as receiver of the Caddo Transfer & Warehouse Company. In answer to the interrogatories propounded, the garnishee admitted that the receivership was indebted to him personally under a certain contract of lease in the sum of $18,982.44, and for money advanced in the sum of $6,820.42 or a total admitted indebtedness of $25,802.86 due the judgment debtor by the garnishee, against which the garnishee claimed certain offsets amounting to $28,219.99.
 

 The answers of the garnishee were traversed by his judgment creditors, who claimed that the garnishee was indebted to them in the sum of $60,000.
 

 These creditors opposed the list of ordinary creditors filed by Johnson as receiver of the Caddo Transfer & Warehouse Company, Inc., and prayed that opponents be recognized as preferred creditors to the extent of whatever judgment might be rendered in their favor in the garnishment proceeding. And they also opposed the application of the receiver to pay the sum of $2,700 to the ordinary creditors, praying that this amount be paid to them by Xireference and priority.
 

 The court below held that the garnishee was indebted to Johnson in the sum of $19,602.-S6 and gave judgment accordingly. The court also sustained the oppositions to the list of creditors and the application to pay dividends, ordering that 1-Iill et al., the opponents, be recognized as preferred creditors in the sum of $19,602.86, and that the sum of $2,700 be paid them in preference to the ordinary creditors of the garnishee.
 

 W. Harry Johnson, individually and as receiver, appealed. J. B. I-Iill, B. E. McCarthy, and J. C. Bradford have answered the appeal, praying that the judgment in their favor be
 
 *895
 
 increased from $19,602.86
 
 to
 
 the sura of $61,-245.55, and otherwise that it be affirmed.
 

 This court affirmed the judgment of the district court, but a rehearing was granted and is now under consideration.
 

 On July 2, 1932, James B. Hill, B. E. McCarthy, and J. G. Bradford brought a rule in the lower court setting up that they were preferred creditors, and that, as such, they were entitled to have the receiver file an account, and to- have an accountant appointed to audit the affairs of the receivership.
 

 A plea of prematurity and exception of no cause of action were filed by the receiver on the ground that the right of James B. Hill, B. E. McCarthy, and J. C. Bradford to be recognized as preferred creditors was then pending on rehearing in the Supreme Court in General Motors Truck Co. of La., Inc., v. Caddo Transfer & Warehouse Company, Inc., consolidated with James B. Hill et al. v. W. Harry Johnson, 175 La. 644, 144 So. 134.
 

 The trial judge overruled the plea of prematurity and exception of no cause of action, and rendered judgment for Hill et al., plaintiffs in rule, appointing an accountant to make an audit of the affairs of the receivership, and ordering the receiver to file an account when the audit was completed.
 

 W. H. Johnson, receiver of the Caddo Transfer & Warehouse Company, Inc., then applied to this court in the above case, No. 31984, for a writ of certiorari, which was granted with stay order.
 

 On July 26, 1932, Hon. Robert Roberts, judge of the district court of Caddo parish, issued an order directing W. Harry Johnson, receiver, to show cause on August 2, 1932, why the opposition filed by Crawford Company, Inc., et al. should not be sustained, and why he- should not file a receivership account for the period of the receivership, and why an accountant should not be appointed to examine the books.
 

 When this rule was called for hearing on August 2,1932, Judge Roberts was not sitting on the bench of the first judicial district court, but Judge Stephens was the judge then presiding.
 

 Relator, receiver, filed an exception that this case had been assigned to Judge Roberts, and, under the rules of the district court of Caddo parish, could not be heard by any other section of that court.
 

 This exception having been overruled, relator, receiver, applied to this court in above No. 32024 for a writ of prohibition, restraining Judges Roberts and Stephens of the district court of Caddo parish from taking any further proceedings herein, and praying that this court take appropriate action in the premises.
 

 The writ was granted “without prejudice however to right of Judge Roberts to hear and pass upon the rule issued by him on July 26, 1932, upon the application of Crawford Co., Inc., et al.”
 

 The writ was refused “in all other respects, without prejudice to the right of relator to renew his application, if so advised, after Judge Roberts shall have acted on the matter.”
 

 Judge Roberts later did act in the matter and ordered an audit of the affairs of the receivership ex proprio m-otu.
 

 Relator, receiver, then applied to this court in No. 32036 for writs of prohibition and man
 
 *897
 
 damus, which were refused for the reason that “the appointment of auditor ex proprio motu rests in the discretion of the trial court, and will not be interfered with unless exercised arbitrarily. No abuse of discretion appears.”
 

 Counsel on either side admit that the issues involved in above applications for writs are now merely moot questions. For this reason, this court will not decide such questions.
 

 It is ordered that the applications for writs in above numbered cases be dismissed, and that relator, the receiver, pay the costs of this court.