FOURNET, Justice.
 

 Writs were granted in this case in order to review the ruling of the trial judge refusing relator a continuance of the trial of an action instituted by him to set aside the entire proceedings in the matter of the liquidation of the Westwego Moss Company.
 

 The liquidator of the company filed a motion to recall the writs on the ground that the issues involved — the continuance or delay of the proceedings — have become moot by reason of the fact that relator, through the granting of these writs, has obtained the relief sought.
 

 The record reveals that contempt proceedings were instituted against the relator by the liquidator when he (relator) failed to comply with the judgment of the trial court ordering him to deposit with the clerk of court certain insurance policies executed in his name on the property of the Westwego Moss Company, or the proceeds thereof. The relator, subsequently, filed an action to set aside the entire liquidation proceedings, and on the date fixed for trial, through his counsel, he moved for a continuance of the case because of his serious illness and confinement in the hospital. The continuance was refused upon the objection of counsel for the liquidator and his indication that he was willing to admit that the relator, if present, would testify to the facts outlined by his counsel.
 

 This court, in the case of Cameron v. Lane, 36 La.Ann. 716, carefully considered and analyzed the articles of the Code of Practice dealing with continuances (Articles 464-474) and held, as expressed in the syllabus, that “The Code of Practice contains no rules or special provisions authorizing and regulating applications for continuance of a cause on account of the absence of one of the parties to the suit, who desires to testify in the cause. Such applications must be left to, and controlled by, the sound discretion of the trial judge, whose ruling will not be disturbed * * * unless manifestly erroneous or glaringly unjust. * * * ” In the recent case of Wild v. Standard General Realty Company, 177 La. 664, 149 So. 114, 116, the court concluded that the interpretation placed on these articles of the Code of Practice in the Lane case was correct.
 

 In the Lane case the trial judge refused to continue the case because of the illness of the defendant, and the Supreme Court refused to disturb this ruling because it found, as a fact, that the plaintiff’s illness was not sufficiently serious to prevent her attendance at court.
 

 In the case of Wild v. Standard General Realty Company, supra, the trial judge refused to continue the trial of the
 
 *171
 
 case because of the illness of the president of the defendant company for the reason that he had neither been summoned as a witness in the case nor was a party litigant, and this court, after carefully considering all of the pertinent facts and circumstances of the case, concluded that the evidence was sufficient to “ * * * induce the belief in the mind of the trial judge that the continuance was applied for merely for the purpose of delay,” and refused to disturb his ruling.
 

 In the instant case, unlike the above cases, we find the uncontroverted facts to be-that the relator was unable to attend the trial of his case because he was confined in the hospital and was gravely ill, and that his counsel, according to his statement, was unable to proceed to trial without the assistance of his client.
 

 It is the contention of the liquidator of the company, however, that under the jurisprudence of this state the issues involved here have become moot by reason of the fact that- the relator, through the granting of the writs of certiorari and prohibition, has obtained the relief sought, i. e., the continuance or delay, and that, therefore, the writs must be recalled.
 

 This court in an unbroken line of decisions has repeatedly held that it will not decide moot questions. State v. Knisely, 144 La. 676, 81 So. 248; State v. White, 152 La. 777, 94 So. 392; State v. Ruiz, 152 La. 603, 93 So. 915; State v. McGee, 152 La. 779, 94 So. 393; Lemann v. Ascension Parish School Board, 158 La. 81, 103 So. 517; and St. Bernard Trappers Ass’n v. Michel, 161 La. 1106, 109 So. 917.
 

 In the case of State v. Ruiz, supra, this court held that where one applying for a writ of prohibition, after the denial of a continuance has, by the issuance of the preliminary order, obtained the full measure of relief sought, so that no live issue remains before the Court, the writ will be recalled.
 

 Considering the facts of this case in the light of the jurisprudence of this state we must, therefore, recall the writs herein granted.
 

 For the reasons assigned the preliminary writs herein issued are recalled.
 

 Exercising the discretion granted us by law, it is ordered that the costs in this proceeding are to be paid by the respondent Victor E. Hymel, liquidator of the Westwego Moss Company.