ROGERS, Justice.
 

 The- plaintiffs, five in number, as co-owners of certain real estate in the City of New Orleans with Franklin S. Pettingill, Jr., a minor, and Hills, Incorporated, a Louisiana. corporation, brought suit for a partition by licitation of the common property. A prior suit brought by Hills, Incorporated, against Mrs. Caroline Stampo Pettingill, one of the plaintiffs, to have her repair one of the prop- ■ erties as usufructuary and in default thereof to declare her usufruct forfeited and the property sold to effect a partition, was consolidated with the suit for a partition.
 

 Exceptions and an answer were filed by Hills, Incorporated, and after hearing the parties, the court rendered a judgment recognizing the plaintiffs and defendants as co-owners of the property, ordering a partition by licitation, and referring the parties to Walter B. Hamlin, notary public, to complete the partition. The judgment further reserved to Hills, Incorporated, and the minor Franklin S. Pettingill, Jr., any rights they might have to claim damages against Mrs. Caroline S. Pettingill as usufructuary.
 

 In compliance with the judgment which was rendered on December 7, 1939, and signed on December 13, 1939, all the parties appeared before Hamlin, notary, on April 17, 1940, for the purpose of effecting the partition of the funds derived from the sale of the common property. With the exception of Hills, Incorporated, each appearer signed the act of partition as prepared by the notary. Hills, Incorporated, refused to sign the act on several grounds, the principal one being that the deductions claimed by Hills, Incorporated, against Mrs. Caroline S. Pettingill were not set forth. When the act of partition was filed in court by the notary, Hills, Incorporated, obtained a rule against its co-owners to show cause why the act of partition should not be referred back to the notary to be completed in accordance with its obj ections. According to the notation appearing thereon, the rule was made absolute.
 

 On May 22, 1940,- the parties again appeared before Hamlin, notary, and what appears to be a supplemental act of partition
 
 *281
 
 was presented to them for their signatures. An objection by Samuel W. Hills, President of Hills, Incorporated, was embodied in this act. The substance of the objection was that the proposed partition did not take into consideration the failure of Mrs. Caroline S. Pettingill, as usufructuary, to keep the property ordered to be partitioned in a state of repair and did not deduct from her share of the proceeds of the sale the loss caused to her co-owners by the diminished value of the property. The other parties to the act of partition also set forth their objections and asked that the declaration and claim made on behalf of Hills, Incorporated, be expunged from the instrument.
 

 All the parties refused to sign the act. In this situation the notary prepared a proces verbal of the proceeding, including the declarations and objections, and filed it in court, together with a rule addressed to the parties to show cause why the declaration by Hills, Incorporated, should not be expunged from the act of partition and its claim rejected, and why the active and passive mass as set forth in the act of partition should not be approved and the funds ordered distributed in accordance therewith. After hearing the parties on the rule taken by the notary, judgment was rendered in favor of the plaintiffs and the minor, Franklin S. Pettingill, Jr., and against the defendant, Hills, Incorporated, ordering that the declaration by Hills, Incorporated, in the act of partition of date May 22, 1940, be expunged. It was further ordered that Hills, Incorporated, show cause why the act of partition should not be approved with its declaration expunged therefrom, reserving to all parties the right to renew their objections and declarations and adduce evidence thereon upon the hearing ordered. The judgment was rendered on November 26, 1940, and signed on November 28, 1940, and the rule to show cause was fixed for December 18, 1940. On that date Hills, Incorporated, appeared in court and filed its final objection to the homologation of the act of partition.
 

 On May 7, 1941, the court below rendered a judgment in favor of all the plaintiffs and the minor Franklin S. Pettingill, Jr., and against Hills, Incorporated, expunging from the act of partition the declaration made by Hills, Incorporated, and ordering that the act of partition be homologated with the declaration expunged therefrom; ordering that the objections and opposition of Hills, Incorporated, filed subsequent to the rendition of the judgment of November 26, 1940, be dismissed at its cost; ordering that Hills, Incorporated, “receive and receipt for the amount coming to it under said act of partition from Walter B. Hamlin, notary public, within five days after the judgment shall become final, and that, upon the failure of Hills, Incorporated, to receipt for any amount accruing to it as aforesaid, within the time limit aforesaid, Walter B. Hamlin, notary public, is authorized to deposit in the registry of this court, any amount or amounts coming to it under said act of partition.” The judgment further ordered that the receipt of the clerk of court to Walter B. Hamlin, notary public, for the amount coming to Hills, Incorporated, under the act of partition should operate as a final discharge of the notary from all responsibility. This
 
 *282
 
 judgment was rendered and signed oii May 13, 1941.
 

 • On June 4, 1941, on motion of Hamlin, notary, showing that Hills, Incorporated, had failed to comply with the judgment, the judge of the district court signed an order authorizing the notary to deposit in the registry of the court the amount due Hills, Incorporated. On the same day the notary, as authorized by the order of court, deposited in the registry of the court the amount due Hills, Incorporated, under the act of partition. The notary also filed in the record receipts from the other parties for the amounts due them.
 

 On July 15, 1941, Hills, Incorporated, moved for and was granted a devolutive appeal from the judgment rendered on May 7, 1941, and signed on May 13, 1941. Bond ■for the appeal was filed on July 18, 1941.
 

 The appellees have moved to dismiss the appeal on the ground that the judgment having been executed, its reversal could not avail the appellant and its correctness has become a moot question.
 

 It is the function of appellate courts to render judgments that can be made effective and not to give opinions on moot questions or abstract propositions from which no practical results can follow. So where it is impossible for the appellate court to undo what has already been done, the court will not determine the questions litigated in the court below, but will dismiss the appeal. This principle is ohe of general application. It has been applied to sales under executory process where injunctive relief is sought and denied and execution of the judgment is not suspended by the appeal. Unity Industrial Life Ins. Co. v. De-Joie, 197 La. 38, 200 So. 813; Bank of La Fourche v. Barrios, 167 La. 215, 118 So. 89
 
 3;
 
 Ouachita Nat. Bank v. Shell Beach Const. Co., 154 La. 709, 710, 98 So. 160. It has also-been applied in election controversies where the election has been held at the time the case is submitted to the appellate court. State v. Board of Supervisors, 49 La.Ann. 578, 21 So. 731; State v. Goff, 135 La. 335, 65 So. 481; Hollander v. Bailey, 148 La. 453, 87 So. 234. And where the appeal was from an order directing the sheriff to sell attached property as perishable where the judgment maintaining the attachment and order of sale has become exigible. Olson v. American Guaranty Co., 152 La. 1021, 95 So. 109. And where the appeal was from a judgment requiring a municipality to grant a permit to move buildings where the lots were sold pending the appeal. Chaffe v. City of Minden, 170 La. 266, 127 So. 623. Other cases to which the rule has been extended are Moniotte v. Bouanchaud, 139 La. 445, 71 So. 735, and Levert Co. v. John T. Moore Planting Co., 141 La. 522, 75 So. 228, where this Court held that no judgment it might render on the issues contested in the district court would be of any effect and that the appeal should be dismissed as one-in which there was nothing to contest.
 

 In Bank of La Fourche v. Barrios, supra, the widow in community sought to enjoin the foreclosure sale on the ground that the-mortgage note had been prescribed. The trial judge held that the plea of prescription
 
 *283
 
 was not established and refused a preliminary injunction. The widow took a devolutive appeal. The property was sold during the pendency of the appeal and the court held that any decree the court could render would have no effect as the question presented was merely a moot one. The court approved the proposition stated in a number of prior decisions that the taking of a devolutive appeal implies the right to have the order appealed from executed.
 

 In Hollingsworth v. Caldwell, 195 La. 30, 196 So. 10, this Court held that a judgment ordering a sale to effect a partition becomes executory ten days after the partition is signed, and that after the expiration of the delay for a suspensive appeal, all power to" oppose and prevent the execution of the judgment is lost. If the party cast fails to protect his right by suspending the execution of the judgment of partition in the manner prescribed by law, the court can not undo what has already been done by virtue of the judgment while it was ex-ecutory.
 

 In the case at bar, when the order for the devolutive appeal was obtained, the notary had executed the judgment and had distributed the proceeds of the sale of the common property which the appellant was trying to keep him from distributing. It is obvious therefore that if the appellant should be successful in convincing this Court that the judgment which rejected its opposition to the partition and distribution of the funds thereunder is erroneous and this court should reverse the judgment, our decree would be without effect. The court could not undo what has already been done by virtue of the judgment while it was ex-ecutory, nor grant any order that could be enforced.
 

 For the reasons assigned, the appeal herein is dismissed.