**73 So.2d 777**

**JEFFERSON 7TH WARD SOCIAL CLUB**

**v.**

**GREVEMBERG et al.**

No. 41365.

April 26, 1954.

Rehearing Denied May 31, 1954.

John E. Fleury, Gretna, for plaintiffs-appellants.

Elven E. Ponder, Baton Rouge, for defendant-appellee.

**PONDER, Justice.**

This is an appeal from a judgment denying a preliminary injunction.

The relator, allegedly a social club incorporated as a non-profit corporation under the provisions of LSA–R.S. 12:101 to

12:155 for the purpose of fostering social and athletic functions and contests; to stage television, boxing and radio programs and contests; and to engage in other incidental activities, sought an injunction to prohibit the respondents from raiding relator's clubhouse located at 407 Jefferson Highway and from arresting its members or interfering with the use of its property and equipment. A rule was issued to show cause why a preliminary injunction should not be granted which, after hearing, was discharged by the lower court. It appears from the record that several members of the Club were engaged in a game of poker when some of the officials raided the place and preferred charges against the officers and certain members of the Club charging them with being engaged in and assisting in the business of gambling.

The respondents moved in this court for a remand of the case in order to show that the case has become moot because the relator is no longer occupying the premises at 407 Jefferson Highway and that same is now leased by other parties who are operating it as a cafeteria. Counsel for the relator concedes this fact and states that therefore there is no necessity for a remand of the case. However, counsel contends that the relator is entitled to an injunction, enjoining the officers from raiding or interfering with the relator in the event they establish another clubhouse, under his prayer for general relief.

It does not appear from the record that the relator is now operating a club at another place and consequently the relief sought would be premature. Cooley v. Meridian Lumber Co., 195 La. 631, 197 So. 255. Under the circumstances it is unnecessary for us to pass on the question of whether the relator and its members were engaged in the business of gambling and whatever business they may become engaged in in the future we are unable to determine. In other words, we cannot anticipate that the business they may engage in in the future would be legal or illegal. The only question properly presented became moot when the relator ceased to occupy the premises. It is a well settled policy of this court that we will not decide moot questions. General Motors Truck Co. of Louisiana v. Caddo Transfer & Warehouse Co., 175 La. 892, 144 So. 608; State v. Hayes, 199 La. 269, 5 So.2d 768; Pellegrin v. City of Gretna, 222 La. 527, 62 So.2d 824 and cases cited therein.

For the reasons assigned, the appeal is dismissed at the cost of the relator.