MOISE, Justice.
This suit comes before us on a question of law in a cause pending in the Court of Appeal of the Second Circuit of Louisiana. That court desires instructions from this Court to guide it on the law question for the purpose of decision. Such submission was made by the Court of Appeal to this Court because of the authority of Article VII, § 25, of the Constitution of 1921.
. After the suit was filed and docketed in this court, in conformity with the law, there has now been presented and filed by the litigants the following pleading:
“Now into this Honorable Court, through undersigned counsel, come Fred L. Jackson, District Attorney, Plaintiff-Appellant in the above numbered and entitled cause, and Raymond Madden, Leslie Brewton, Winlock Van Cleave and Steve Collinsworth, Defendants-Appellees therein, and with respect allege:
“That this suit is in the nature of an intrusion or usurpation of office suit brought by Plaintiff-Appellant against Defendants-Appellees on the alleged ground that defendants, Madden and Brewton, are intruding into or usurping the office of Police Juror for Ward 1 of the Parish of Bienville, and that Winlock Van Cleave and Steve Collinsworth are intruding into or usurping the office of Police Juror for Ward 2 of said Parish for the reason that, although the 1950 Federal Census disclosed that each of said Wards was entitled to elect only one Police Jury Member, the election officials of Bienville Parish caused the election for two Police Jury Members from each Ward, resulting in the election of defendants, Madden and Brew-ton, as Police Jurors for Ward 1 and defendants, Van Cleave and Collins-worth, as Police Jurors for Ward 2.
“That defendant, Brewton, has relinquished any claim to the office of Police Juror from Ward 1 and defendant, Collinsworth, has relinquish *789 ed any claim to the office of Police Juror from Ward 2, thus reducing the representation of each Ward on the Police Jury of Bienville Parish to the proper level.
“That in view of the facts herein-before stated, there is no longer any issue between the parties to be decided by the Court.
“Wherefore, appearers respectfully pray that the Court dismiss the appeal and/or remand the case to the Court of Appeal or the District Court and enter such further orders and decrees as may be appropriate to the end sought, that is, termination of this litigation without the necessity of deciding any of the issues heretofore presented.”
It is a well settled policy of this Court not to decide issues of law that are moot. General Motors Truck Co. of Louisiana, Inc. v. Caddo Transfer & Warehouse Co., Inc., 175 La. 892, 144 So. 608; State v. Hayes, 199 La. 269, 5 So.2d 768; Pellegrin v. City of Gretna, 222 La. 527, 62 So.2d 824; Hirt v. City of New Orleans, 225 La. 589, 73 So.2d 471; Jefferson 7th Ward Social Club v. Grevemberg, 225 La. 607, 73 So.2d 777.
For the reasons assigned, it is ordered, adjudged and decreed that the appeal be dismissed.
Appeal dismissed.