202 So.2d 266 (1967)
250 La. 1104
TEXAS PIPE LINE COMPANY
v.
Harry STEIN and Mrs. Leona Falgoust Stein.
No. 48452.
Supreme Court of Louisiana.
June 30, 1967.
Rehearing Denied October 4, 1967.
Martin, Himel & Peytavin, Lutcher, for defendants-relators.
Jack P. F. Gremillion, Atty. Gen., John L. Madden, Asst. Atty. Gen., James E. Phillips, Jr., Special Asst. to the Atty. Gen., for amicus curiae.
Wiley G. Lastrapes, Deniel P. Hurley, New Orleans, Blum & Sotile, Donaldsonville, Milling, Saal, Saunders, Benson & Woodward, M. Truman Woodward, Jr., R. King Milling, New Orleans, for plaintiff-respondent.
SANDERS, Justice.
This is an expropriation proceeding. The Texas Pipe Line Company brought suit to expropriate a permanent 30-foot right of way for a pipe line across the property of *267 defendants, Harry Stein and Mrs. Leona Falgoust Stein. For construction purposes, plaintiff also sought temporary rights of way adjacent to the permanent right of way. Defendants opposed the suit on several grounds, but relied heavily on the defense that the taking was not for a public purpose.
The district court dismissed plaintiff's suit at its costs, on the ground that the taking was not for a public purpose as required by law. It also fixed the fees of defendants' expert witnesses and taxed them as costs. Texas Pipe Line Company appealed devolutively to the Court of Appeal, Fourth Circuit. In that court, defendants moved to dismiss the appeal on the ground that plaintiff had applied for a river crossing on an alternate route and the questions raised by the appeal had been rendered moot.
The Court of Appeal overruled the motion to dismiss the appeal and, on the merits, reversed the district court judgment, granted the expropriation, and remanded the case solely for the purpose of fixing severance damages and expert witness fees. See 190 So.2d 244. On application of defendants, we granted a writ of review, primarily on defendants' allegation that the case had been rendered moot by the completion of the pipe line over a route other than that sought through defendants' property. 249 La. 841, 191 So.2d 641.
In the application for writs to this Court, defendants alleged that the pipe line had been completed over an alternate route. In its response to the writ application and in brief, the Texas Pipe Line Company admitted the correctness of this allegation. Plaintiff concedes it has completed the pipe line on the alternate route and no longer needs the right of way across defendants' property for this purpose. It urges, however, that because of the great public interest in the legal questions presented, this Court should retain jurisdiction and decide these questions.
Clearly, the legal questions raised by the appeal are now moot. The pipe line has been completed on an alternate route, and plaintiff no longer needs the right of way across defendants' property for construction of the pipe line.
This Court has consistently declined to decide moot questions. Hirt v. City of New Orleans, 225 La. 589, 73 So.2d 471; State ex rel. Jackson v. Madden, 225 La. 786, 74 So.2d 29; Jefferson 7th Ward Social Club v. Grevemberg, 225 La. 607, 73 So.2d 777; Pettingill v. Hills, Inc., 199 La. 557, 6 So.2d 660; In Re Westwego Moss Co., 196 La. 168, 198 So. 893.
In Pettingill v. Hills, Inc., supra, the Court stated:
"It is the function of appellate courts to render judgments that can be made effective and not to give opinions on moot questions or abstract propositions from which no practical results can follow."
In the case of In Re Westwego Moss Co., supra, the Court appraised the jurisprudence in the following language:
"This court in an unbroken line of decisions has repeatedly held that it will not decide moot questions."
Hence, the appeal must be dismissed without consideration of the legal questions raised on the merits.
For the reasons assigned, the judgment of the Court of Appeal is reversed and the appeal of Texas Pipe Line Company is dismissed at its costs.
HAMLIN, J., dissents, being of the opinion that the decision of the Court of Appeal is correct and should be affirmed.