202 So.2d 257

**Hugh P. LASSEIGNE**

**v.**

**Wade O. MARTIN, Jr., Secretary of State et al.**

No. 48909.

Sept. 11, 1967.

Reasons for Judgment Sept. 12, 1967.

Jack P. F. Gremillion, Atty. Gen., Wesley R. Wirtz, Asst. Atty. Gen., David L. French, Sp. Counsel to Atty. Gen., Anthony J. Bonfanti, Baton Rouge, Sp. Counsel to Atty. Gen. and Edward M. Carmouche, Lake Charles, Sp. Counsel to Atty. Gen., for applicant.

J. David McNeill, III, Bennett & McNeill, Baton Rouge, for respondent.

HAMLIN, Justice.

Giving particular consideration to the exigencies of the matter as relates to time, we herewith hand down our decision—the reasons for which will follow in due course:

The matter being moot, leaving nothing for us to decide, the suit of plaintiff is dismissed. Costs to be paid one-half by plaintiff and one-half by the parties defendant.

HAMITER and McCALEB, JJ., absent.

HAMLIN, Justice.

This case is a sequel to Lasseigne v. Martin, Jr., Secretary of State et al., 250 La. ——, 202 So.2d 247, decided on Monday, August 28, 1967.

On August 5, 1967, the Democratic State Central Committee met and issued a call for a primary election to nominate candidates for Governor and other state offices. At this meeting the committee fixed at $600.00 the qualifying deposit or fee for candidates for nomination as Governor in the Democratic primary. On the final date for qualifying, plaintiff Hugh P. Lasseigne tendered his qualifying papers to qualify as a candidate for nomination by the Democratic Party for the Office of Governor, together with a deposit or fee of $100.00 in cash. The committee through its chairman refused to permit plaintiff to qualify because he did not tender or submit the $600.00 fee set by the committee.

Plaintiff then instituted these proceedings in the Nineteenth Judicial District Court for the Parish of East Baton Rouge for preliminary injunction and mandamus, naming as defendants Wade O. Martin, Jr., Secretary of State, and Edward M. Carmouche,

Chairman of the Democratic State Central Committee, alleging that said qualifying fee of $600.00 was illegally, improperly, unjustly and unconstitutionally fixed; the whole as is more fully set forth in our decision rendered on Monday, August 28, 1967, supra.

In due course the district court rendered judgment denying plaintiff the relief sought and dismissed his suit at his cost. From that judgment plaintiff appealed to this Court. The appeal was ordered transferred to the Court of Appeal, First Circuit. The Court of Appeal reversed the judgment of the district court and granted plaintiff until 5:00 P.M. Central Daylight Time, Wednesday, September 6, 1967, to file his application for candidate for party nomination to the Office of Governor, said application to be accompanied by a deposit of $210.00 in full payment of all qualifying fees.

Upon timely application of defendants, we granted certiorari.

Plaintiff filed an opposition to the application of defendants, in which he alleged that the hour fixed by the Court of Appeal had passed and he had not filed his application. He further alleged and conceded that the matter was now moot.

Therefore, there is nothing for us to decide.

Defendants urge, however, that because of the great public interest and the legal

questions presented, this Court should decide these questions.

■■■ This Court has consistently declined to decide moot questions. Hirt v. City of New Orleans, 225 La. 589, 73 So.2d 471; State ex rel. Jackson v. Madden, 225 La. 786, 74 So.2d 29; Jefferson 7th Ward Social Club v. Grevemberg, 225 La. 607, 73 So.2d 777; Pettingill v. Hills, Inc., 199 La. 557, 6 So.2d 660; In Re Westwego Moss Co., 196 La. 168, 198 So. 893.

In Pettingill v. Hills, Inc., supra, the Court stated:

"It is the function of appellate courts to render judgments that can be made effective and not to give opinions on moot questions or abstract propositions from which no practical results can follow."

In the case of In re Westwego Moss Co., supra, the Court appraised the jurisprudence in the following language:

"This court in an unbroken line of decisions has repeatedly held that it will not decide moot questions."

For convenience, we repeat the decree handed down by us in this matter on Monday, September 11, 1967.

The matter being moot, leaving nothing for us to decide, the suit of plaintiff is dismissed. Costs to be paid one-half by plaintiff and one-half by the parties defendant.

HAMITER and McCALEB, JJ., absent.