SANDERS, Justice.
 

 This is a habeas corpus proceeding. On April 24, 1969, a parole officer arrested Jerry Aucoin, a parolee from the Louisiana State Penitentiary, for violation of his parole and incarcerated him in the Evangeline Parish jail. The arrest was made under a warrant signed by the Chief Probation and Parole Officer of the Louisiana Department of Corrections. On the day of his arrest, Aucoin filed a petition for habeas corpus in the district court. The petition alleged the arrest was improper
 
 *826
 
 on two grounds: (1) The parole officer made no recommendation that petitioner’s parole he revoked, as required by LSA-R.S. 15:574.7; and (2) The “mode of arrest” of petitioner was in violation of his rights under the state and federal constitutions.
 

 After a hearing, the district court maintained the habeas corpus and ordered Au-coin released. The court held that the absence of a recommendation of the local supervisor vitiated the arrest under LSA-R.S. 15:574.7. Although unnecessary for the decision, the court expressed the opinion that the statute was unconstitutional, because it failed to require a hearing earlier than within thirty days after incarceration.
 

 The State appealed to this Court.
 
 [1]
 
 The State concedes that after the parolee’s release, he submitted to the jurisdiction of the Parole Board under a new warrant, his parole was revoked, and he is now serving his sentence in the Louisiana State Penitentiary. The State also concedes the validity of the arrest is now moot, but urges the Court to pass upon the constitutionality of LSA-R.S. 15:574.7, regulating the arrest of parolees for violation of their parole.
 

 The present habeas corpus proceeding attacked the validity of the first arrest and incarceration. The court released the parolee from custody under this arrest. He is now serving his term in the penitentiary under a subsequent arrest and parole hearing, to which he submitted without contest. Nothing this Court could do in the present proceeding would affect the prisoner’s custody or the rights of the litigants in respect to it. Hence, we are of the opinion that the entire proceeding is moot.
 

 The principle that this Court will not render advisory opinions on matters that have no effect upon the present rights of litigants is deeply rooted in the jurisprudence. See, e. g., Hirt v. City of New Orleans, 225 La. 589, 73 So.2d 471; Pettingill v. Hills, Inc., 199 La. 557, 6 So.2d 660; In re Westwego Moss Co., 196 La. 168, 198 So. 893.
 

 In Pettingill v. Hills, Inc., supra, this Court stated:
 

 “It is the function of appellate courts to render judgments that can be made effective and not to give opinions on moot questions or abstract propositions from which no practical results can follow.”
 

 It is also well settled that the Court will not consider the constitutionality of a statute unless it is necessary for a determination of the rights of a litigant in the
 
 *828
 
 case before it. State v. Deutch, 245 La, 819, 161 So.2d 730; Succession of Bienvenu, 106 La. 595, 31 So. 193; Parish of St. Landry v. Stout, 32 La.Ann. 1278; 16 Am.Jur.2d, Constitutional Law, § 112, p. 299.
 

 In 16 Am.Jur.2d, Constitutional Law, § 112, supra, the principle is well stated:
 

 “The constitutionality of a statute will not be considered and determined by the courts as a hypothetical question, because constitutional questions are not to be dealt with abstractly or in the manner of an academic discussion.”
 

 For the reasons assigned, the appeal' is •dismissed.
 

 BARHAM, J., concurs.
 

 [1]
 

 . Apparently the State appealed on the jurisdictional theory that the district court had declared a state statute unconstitutional. See Art. 7, Sec. 10(2), La.Const.