HOOD, Judge.
Dave L. Pearce, Commissioner of Agriculture, instituted this action in behalf of the State Market Commission to enjoin defendant, Alvin Stanford, from shipping green, uncured sweet potatoes in violation of a regulation issued by the State Market Commission. Judgment was rendered by the trial court rejecting plaintiff’s demands, and plaintiff has appealed.
This suit was consolidated for trial with the case of Alvin Stanford v. John H. Henry, et al., 237 So.2d 418 (No. 3110 on our Docket). We are rendering judgment today dismissing the appeal taken in that suit because the issues presented there have become moot.
We ultimately conclude that the issues in the instant suit also have become moot, and that the appeal taken here must be dismissed.
Judgment was rendered by the trial court in the related suit (No. 3110) on November 22, 1969, ordering defendants, as officers and agents of the State Market Commission, to issue weevil inspection certificates to Stanford, thereby enabling him to ship the uncured potatoes of his 1969 sweet potato crop. Certificates were issued in compliance with that decree, and Stanford shipped his green, uncured sweet potatoes on November 24, 1969.
The instant suit was instituted on November 26, 1969. Plaintiff alleges here that on August 27, 1969, the State Market Commission amended its Sweet Potato Regulation No. 6 to provide that the shipping of green, uncured sweet potatoes to fresh market outlets was prohibited after the second Saturday before Thanksgiving of each year. With reference to the 1969 potato crop, the order had the effect of prohibiting the shipping of uncured sweet potatoes to fresh market outlets after November 15, 1969. Plaintiff alleges further that Stanford violated that order by shipping green, uncured sweet potatoes on November 24, 1969. Articles 5 and 6 of plaintiff’s petition contain the following additional allegations:
“5. That- the action taken by the Commission was for the protection of the sweet potato industry with the State; and to permit the defendant to continue shipping raw sweet potatoes would cause irreparable harm and injury to the potato industry and is in violation of the rules and regulations of the Commission.
“6. Petitioner fears that the defendant will continue to ship raw potatoes during the pendency of these proceedings and before a hearing can be had, which would cause irreparable harm and injury to the industry and would be a discrimination against other growers and shippers of sweet potatoes within the State.”
The suit was instituted and was tried and decided as a summary proceeding. The following is the entire prayer of his petition:
“I. That a temporary restraining order issue herein, directed to the defendant, Alvin Stanford, restraining and enjoining him and his agents and employees, and all other persons, firms or corporations acting or claiming to act in his behalf, from shipping green uncured sweet potatoes during the pendency of these proceedings.
“II. That a rule nisi issue herein directed to the defendant, Alvin Stanford, ordering him to show cause on a date and at a time to be fixed by this Court, why preliminary injunction in the form and substance of the temporary restraining order should not issue herein.”
On the day this suit was filed, the trial judge issued a temporary restraining order *421 prohibiting Stanford from shipping green, uncured sweet potatoes “during the pen-dency of this suit,” and a rule was issued on the same day directing defendant to show cause why a preliminary injunction in the form and substance of the temporary restraining order should not be issued.
Upon application of defendant, an order was issued by the trial court on December 1 setting aside the temporary restraining order and fixing the rule for a preliminary injunction for hearing on December 3. An answer was then filed by defendant in which he specifically alleges or pleads that LSA-R.S. 3:405 is unconstitutional and void as being in violation of certain provisions of the State and Federal Constitutions.
After trial on December 3, judgment was rendered by the trial court on December 9, 1969, rejecting plaintiff’s demands, and reserving to defendant the right to sue for whatever damages he may have sustained on account of the wrongful issuance of the temporary restraining order. The trial judge assigned as reasons for that judgment that the acts of the State Market Commission were unconstitutional and void, being in violation of provisions of the Louisiana and the United States Constitutions.
The written briefs filed by both parties contain arguments as to the constitutionality of the LSA-R.S. 3:405, of the regulation issued by the State Market Commission and of the acts of that commission. Counsel for defendant, in a supplemental brief, also argues that the issues presented in this case are now academic and moot, that there is no basis on which relief could be granted to plaintiff, and that the appeal should be dismissed.
The injunctive relief sought by plaintiff obviously was to prevent the shipping of defendant’s 1969 crop of potatoes. Sweet Potato Regulation No. 6 of the State Market Commission, as amended on August 27, 1969, provides that “The shipment of green, uncured sweet potatoes (yams) to fresh market outlets is prohibited after the second Saturday before Thanksgiving of each year." We interpret that regulation to mean that uncured sweet potatoes raised during any crop year, in 1970 for instance, may be shipped to fresh market outlets until the second Saturday before Thanksgiving of that year, but that they cannot be shipped after that time.
The allegation in plaintiff’s petition, and the prayer in his petition, indicates to us that the relief which he seeks here was not intended to apply to the 1970 crops, or to those of later crop seasons, since the pleadings make no allowance for the times in other crop seasons when uncured potatoes may be shipped. Also, the injunctive relief sought is only temporary. Plaintiff prays for a temporary restraining order and for a preliminary injunction restraining defendant from shipping uncured potatoes "during the pendency of these proceedings” There is no demand for a permanent injunction. We think there would have been such a demand if the injunction was to extend to crops other than those raised in 1969. As we have already noted, the 1969 crop of defendant has already been disposed of and a preliminary injunction restraining him from shipping that crop now would serve no purpose.
Even if the pleadings could be interpreted as demanding an injunction applicable to future crops, the pleadings and the evidence fail to show any justification for such relief.
We assume from plaintiff’s arguments that he would like to have this suit treated as an action for a declaratory judgment, and to obtain a judgment decreeing the validity of the Sweet Potato Regulation which defendant allegedly violated. The suit which plaintiff filed here, however, is a summary proceeding, and he seeks no such relief. The constitutional questions were raised by the defendant, but Stanford has not appealed and he takes the position that the issues presented here are now moot. Under the pleadings, therefore, we cannot dispose of the suit as an action for a declaratory judgment, and no useful pur *422 pose would be served by considering or discussing the questions raised as to the validity of the acts of the commission.
We conclude that the issues presented here are now moot. Lasseigne v. Martin, 250 La. 1081, 202 So.2d 257 (1967); Di-Giovanni v. Parish of Jefferson, 151 So.2d 528 (1963).
For the reasons herein set out, the appeal taken by plaintiff is dismissed.
Appeal dismissed.