297 So.2d 750 (1974)
STATE of Louisiana ex rel. William J. GUSTE et al.
v.
LOUISIANA MILK COMMISSION et al.
No. 9857.
Court of Appeal of Louisiana, First Circuit.
June 28, 1974.
*751 C. James Gelpi and Thomas Halligan, Asst. Attys. Gen., Baton Rouge, for appellants.
Robert A. Hawthorne, R. Gordon Kean and John V. Parker, Baton Rouge, for defendants-appellees.
Bryan E. Bush, Jr., Baton Rouge, for intervenors-appellees.
Before LOTTINGER, BLANCHE and de la HOUSSAYE, JJ., not participating.
LOTTINGER, Judge.
This is a suit by the State of Louisiana, ex rel William J. Guste, Jr., Attorney General and Charles W. Rapp, Jr., Director, Governor's Office of Consumer Protection, as plaintiffs, against the Louisiana Milk Commission and certain members thereof, as defendants to enjoin the enforcement of certain orders of the Commission. The Lower Court, after hearing trial on the merits, sustained exception of no cause of action filed by the defendants and dismissed the petitioner's demand. The petitioners have taken this appeal.
The record discloses that this suit was filed on August 13, 1973 to enjoin the enforcement of a Commission Order issued August 10, 1973 but effective on August 20, 1973, which amended Section 2 of the Code of Minimum Milk Prices, as well as to enjoin the Commission from enforcing any other Section 2 of the Code of Minimum Milk Prices until all legal requirements have been met to amend said Section 2.
The Commission filed an exception of no cause of action alleging, among other causes, that the petition contains no allegation that the Commission's action in adopting the rule of which plaintiffs complain violates any constitutional provision, exceeds the statutory authority of the Commission, nor was it adopted without substantial compliance with required rule making procedures. After the judgment below was rendered on August 17, 1973 and was signed and filed on August 24, 1973, a new and revised Section 2 to the Milk Code was adopted by the Commission on November 12, 1973 to be effective December 1, 1973 and the defendant has now filed a motion in this Court that the appeal be dismissed because the matter has now become moot.
Articles 2161 and 2162 of the Louisiana Code of Civil Procedure gives certain reasons for dismissing appeals. Article 2161 deals with dismissals because of any irregularity, *752 error, or defect unless it is imputable to the appellant. Article 2162, however, provides as follows:
"An appeal can be dismissed at any time by consent of all parties, or for lack of jurisdiction of the appellate court, or because there is no right to appeal, or if under the rules of the appellate court, the appeal has been abandoned.
If an appeal is taken to an appellate court which has no jurisdiction over it, the court may transfer the appeal to the proper court, upon such terms and conditions as it may prescribe. If an appeal is transferred to the supreme court in error, the supreme court may transfer or retransfer it to the proper court."
The first paragraph of this article provides that "An appeal can be dismissed... because there is no right to appeal..." The record clearly shows that the thing sought to be enjoined by the petitioners herein was the ruling of the Commission dated August 10, 1973. Since the rendition of the judgment below, a new ruling revising Section 2 was adopted by the Commission on November 12, 1973, and so the ruling sought to be enjoined is no longer effective.
In Verdun v. Scallon Brothers Contractors, Inc., 263 La. 1073, 270 So.2d 512 (1972) the Supreme Court refused to review a case where only injunctive relief was sought when the needs for that relief ceased to be a justiciable issue. In Edwards v. Hayes, et al, 203 La. 433, 14 So.2d 48 the Supreme Court also refused to consider an appeal on issues that had become moot.
In Walsh v. Forslund, 4 La.App. 47 (1926) the Court held that where nothing is left to be enjoined at the time of decision on appeal, the appeal must be dismissed. In Moncla v. City of Lafayette, La.App., 226 So.2d 572 (1969) the Court held that an appeal from a judgment declaring an ordinance null was moot where ordinance had been superseded. In Behler v. La. State Racing Commission, La.App., 207 So.2d 758 (1968) the Supreme Court held that the reviewing court has the right ex-proprio motu to consider the possibility that the case has become moot. Other cases which are germane to the point at issue are Lemann v. Kogas, La.App., 237 So.2d 63; Blanchard v. City of Shreveport, La. App., 90 So.2d 556; Ripp v. Perrault, La. App., 39 So.2d 362; Elliot v. Amite Building & Loan Association, La.App., 179 So. 2d 318; Chisholm v. Hinson, 5, La.App. 334; Evangeline Downs v. Pari-Mutuel, La.App., 191 So.2d 358; State Ex Rel Jackson v. Madden, 74 So.2d 29; Lasseigne v. Martin, La.App., 202 So.2d 257.
We, therefore, find that the doctrine is well-founded in our statutes and jurisprudence to the effect that moot questions will not be considered on appeal.
With regard to the contention by the petitioners that the Court should enjoin the defendant from enforcing any other Section 2 we do feel that we have the authorization nor the jurisdiction to do so. It is the contention by the attorney for the petitioner that the petition clearly and expressly states that the present cause of action applies to all such "illegal" orders.
The Louisiana Milk Commission is a creature of the legislature created by R.S. 40:940.16. It is, accordingly, an administrative forum of our state government. We fail to see, and the petitioner has failed to enlighten us, as to how this Court might enjoin the enforcement of any future "illegal" orders of this administrative board prior to the time that said order has been adopted.
Article 3601 of the Louisiana Code of Civil Procedure provides that an injunction shall issue in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law.
We feel that there is a presumption that any future orders of any administrative *753 agency of this State, such as is the Milk Commission, are legal until they are determined otherwise. We feel, therefore, that we are not faced with such irreparable injury, loss or damage in the present case.
For the reasons hereinabove assigned the appeal is hereby dismissed, all costs to be paid by petitioner, as provided by law.
Appeal dismissed.