PRICE, Judge.
This is an appeal from a judgment dismissing plaintiff’s suit by the sustaining of an exception of no cause of action and a motion to dismiss on a finding by the trial court the plaintiff had obtained the relief prayed for by voluntary action of defendants and, therefore, no justiciable controversy existed.
Clara Bridges McKnight brought this action alleging her signature on a vendor’s lien and mortgage was a forgery. She named as defendants the vendor in the deed, Miller Builders & Developers, Inc.; First Fidelity Mortgage Corporation, the mortgagee; the notary on the instrument and an employee of Miller who handled the transaction. The clerk of court of Caddo Parish was made a party as plaintiff asked that he be directed to inscribe on the public records that the mortgage was canceled by virtue of a judgment of the Caddo District Court. Plaintiff alleges she had separated from her husband and was in the State of California at the time her husband purchased a residence from Miller Builders and a loan was consummated with Fidelity to finance the property. She alleges the employee of Miller Builders, upon learning from her husband of plaintiff’s absence, suggested getting someone else to sign her name to the closing papers which was ultimately done.
An exception was filed by Miller and its employee showing the court the issues projected in plaintiff’s suit had become moot as the mortgagee, P'irst Fidelity, had executed and recorded a notarial instrument releasing plaintiff from any effect from the note and mortgage on which she contends her signature was forged.
Subsequently, an additional pleading was filed reiterating this exception and moving for judgment dismissing plaintiff’s suit with prejudice as to all defendants and directing the clerk of court to comply with plaintiff’s request that the inscription be made on the public records releasing plaintiff from the mortgage.
Judgment was rendered by the trial court as requested in the motion to dismiss.
Plaintiff has perfected this appeal from this judgment contending the judgment rendered is erroneous in these respects:
(1) First Fidelity had no right to release plaintiff from the mortgage *479 without the consent of the United States Government as the mortgage was a government insured mortgage under a federal housing law.
(2) The release operates to free her from the mortgage, but does not declare her signature a forgery as prayed for in her pleadings and the apparent title to the property described in the deed and mortgage remains in her name without her consent. Thus, the validity of the deed transferring title to her name is not a moot issue.
The first assignment of error by plaintiff has no merit. Whether or not the federal guaranty on the mortgage is lost because of the mortgagee’s release of one of the mortgagors is of no concern to plaintiff. This particular action on the part of the mortgagee operates to plaintiff’s advantage and not to her detriment.
The second error urged by plaintiff is the more serious question. The issue presented is whether after a total release of this plaintiff from liability by the holder of the mortgage note, prior to a foreclosure thereon, there remains a “justicia-ble controversy” as to whether or not there was an actual forgery.
Defendants contend plaintiff’s insistence on having the issue of whether or not her signature was a forgery is in the nature of a demand for a declaratory judgment and the rules regarding such an action should apply in deciding whether the issue has become moot. •
The law in this regard is stated concisely in Abbott, et al v. Parker, et al, 259 La. 279, 249 So.2d 908 (1971) as follows:
“The declaratory relief is sought by virtue of La.C.C.P. Arts. 1871-83. These substantially incorporate the provisions of the Uniform Declaratory Judgments Act.
“The consistent interpretation of the Uniform Act and of our own code articles is that declaratory relief is available only to decide justiciable controversies, and that such enactments do not empower the courts to render advisory opinions on abstract questions of law. Petition of Sewerage & Water Board, 248 La. 169, 177 So.2d 276 (1965); Stoddard v. City of New Orleans, 246 La. 417, 165 So.2d 9 (1964); Poe v. Ullman, 367 U. S. 497, 81 S.Ct. 1752, 6 L.Ed.2d 989 (1961).
“A ‘justiciable controversy’ connotes, in the present sense, an existing actual and substantial dispute, as distinguished from one that is merely hypothetical or abstract, and a dispute which involves the legal relations of the parties who have real adverse interests, and upon which the judgment of the court may effectively operate through a decree of conclusive character. Further, the plaintiff should have a legally protecta-ble and tangible interest at stake, and the dispute presented should be of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.
“See: Maryland Casualty Co. v. Pacific Coal and Oil Co., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941); Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937); 6 Moore’s Federal Practice, Sections 57.11 and 57.12 (1966); Uniform Declaratory Judgments Act, 9 U.L.A., Section 1, Annotations Note 35 (1965).”
The Supreme Court further held in Aucoin v. Dunn, 255 La. 823, 233 So.2d 530 (1970) as follows:
“The principle that this Court will not render advisory opinions on matters that have no effect upon the present rights of litigants is deeply rooted in the jurisprudence. See, e. g., Hirt v. City of New Orleans, 225 La. 589, 73 So.2d 471; Pettingill v. Hills, Inc., 199 La. 557, 6 So.2d 660; In re Westwego Moss Co., 196 La. 168, 198 So. 893.
“In Pettingill v. Hills, Inc., supra, this Court stated:
“ ‘It is the function of appellate courts to render judgments that can be made effective and not to give opinions on moot questions or abstract *480 propositions from which no practical results can follow’.”
Using the foregoing principles as guidelines, we do not consider a decree in the present matter that plaintiff’s signature was or was not a forgery will operate to effectively conclude any real adverse legal relations between the parties. The only immediate practical effect of a judicial declaration the signature is a forgery under the present pleadings of plaintiff would be to free her of liability on the mortgage. This has already been accomplished by the voluntary release.
Should plaintiff sustain any provable damages resulting from the improper vesting of title in her name, she is not precluded by the judgment rendered by the trial court from seeking recovery in an appropriate action.
For the foregoing reasons, the judgment appealed from is affirmed at appellant’s cost.
Affirmed.