PAVY, Judge.
In this case, plaintiff-appellee proceeded to foreclose by executory process. Defendant-appellant sued out a rule nisi to obtain a preliminary injunction prohibiting the sale. This application was denied and the rule dismissed. On the same day as the dismissal, the property was sold under the order of seizure and sale. Defendant appealed devolutively from the judgment dismissing his proceeding for the preliminary injunction. After oral arguments, we have noticed the mootness of the appeal and must dismiss it.
In State ex rel. Guste v. Louisiana Milk Commission et al., 297 So.2d 750 (La.App. 1st Cir. 1974) the court stated:
“Articles 2161 and 2162 of the Louisiana Code of Civil Procedure gives certain reasons for dismissing appeals. Article 2161 deals with dismissals because of any irregularity, error, or defect unless it is imputable to the appellant. Article 2162, however, provides as follows :
‘An appeal can be dismissed at any time by consent of all parties, or for lack of jurisdiction of the appellate court, or because there is no right to appeal, or if under the rules of the appellate court, the appeal has been abandoned.
If an appeal is taken to an appellate court which has no jurisdiction over it, the court may transfer the appeal to the proper court, upon such terms and conditions as it may prescribe. If an appeal is transferred to the supreme court in error, the supreme court may transfer of retransfer it to the proper court.’
The first paragraph of this article provides that “An appeal can be dismissed . because there is no right to appeal . . . ” The record clearly shows that the thing sought to be enjoined by the petitioners herein was the ruling of the Commission dated August 10, 1973. Since the rendition of the judgment below, a new ruling revising Section 2 was adopted by the Commission on November 12, 1973, and so the ruling sought to be enjoined is no longer effective.
In Verdun v. Scallon Brothers Contractors, Inc., 263 La. 1073, 270 So.2d 512 *37 (1972) the Supreme Court refused to review a case where only injunctive relief was sought when the needs for that relief ceased to be a justiciable issue. In Edwards v. Hayes et al, 203 La. 433, 14 So.2d 48 the Supreme Court also refused to consider an appeal on issues that had become moot.
In Walsh v. Forslund, 4 La.App. 47 (1926.) the Court held that where nothing is left to be enjoined at the time of decision on appeal, the appeal must be dismissed. In Moncla v. City of Lafayette, La.App., 226 So.2d 572 (1969) the Court held that an appeal from a judgment declaring an ordinance null was moot where ordinance had been superseded. In Behler v. La. State Racing Commission, 251 La. 959, 207 So.2d 758 (1968) the Supreme Court held that the reviewing court has the right ex-proprio motu to consider the possibility that the case has become moot. Other cases which are germane to the point at issue are Lemann v. Kogos, La.App., 273 So. 2d 63; Blanchard v. City of Shreveport, La.App., 90 So.2d 556; Ripp v. Perrault, La.App., 39 So.2d 362; Elliot v. Amite Building & Loan Association, La.App., 179 So.2d 318; Chisholm v. Hinson, 5 La.App. 334; Evangeline Downs v. PariMutuel, La.App., 191 So.2d 358; State ex rel. Jackson v. Madden, 225 La. 786, 74 So.2d 29; Lasseigne v. Martin, 250 La. 1081, 202 So.2d 257.”
In Walters v. Childers, 214 La. 531, 38 So.2d 160 (1948) a devolutive appeal was taken from a judgment denying a preliminary injunction to restrain the sale of certain mortgaged property under executory process. The court stated:
“ ‘It is apparent, at the outset, that the issue presented by this appeal is moot. The appeal is from a judgment on a rule nisi refusing the issuance of a preliminary injunction to restrain the sale of the property. Since the sale is an accomplished fact, there is no order or judgment this court could render to grant appellant the relief she seeks or undo that which has already been done.
******
It was suggested during the oral argument that the entire case [is] not moot-inasmuch as appellant has the right to have the validity of the mortgage note determined. This may be true, but that question can be decided on a trial of the case on its merits. It cannot be disposed of on this devolutive appeal concerning the sole issue of whether the trial judge properly refused the preliminary injunction, which issue has become moot ‘due to the fact that the property has already been sold.’ . . . .”
The appeal is dismissed at appellant’s cost.
APPEAL DISMISSED.