O’NIELL, J.
In April, 1913, the J. B. Levert Company instituted executory proceedings against the John T. Moore Planting Company, for the collection of certain mortgage notes, for an amount exceeding $100,-000. The main or principal part of the mortgaged property was the Waubun sugar plantation with the sugar factory on it. The lands and appurtenances, including the sugar factory, were seized by the sheriff under and by virtue of the order and wilt of seizure and sale and were advertised to be sold on the 7th of June, 1913.
At the time of the seizure, there was in the factory a quantity of masse cuite, or sugar in process of manufacture, left over from the manufacturing season of 1912. There was also a quantity of fuel oil, the remnant of what had been bought by the pla'nting company to manufacture into sugar the cane crop of 1912. The masse cuite remaining in the sugar factory had not been converted into marketable sugar and molasses because it required time for it to granulate. The Levert Company did not have or claim any lien or privilege on the masse cuite belonging to the planting company.
A few days before the date on which the plantations and sugar factory were to be sold by the sheriff in the executory proceedings, the planting company undertook to eon> píete the manufacture of the masse cuite into marketable sugar and molasses, and began using the fuel oil on the plantation to operate the sugar factory for that purpose. The Levert Company protested against the planting company’s using the sugar factory and consuming the fuel oil, claiming that the fuel oil had been placed on the plantation by its owner for its service and had therefore become immovable by destination and was affected by the mortgage in favor of the Levert Company. The sheriff thereupon notified the planting company to quit operating the sugar factory which he had under seizure and for which he felt responsible to the seizing creditor.
On the 6th of June, 1913, the planting company filed this suit and obtained a writ of injunction, preventing the sheriff and the Levert Company from interfering with the operation of the sugar house and the use of the fuel oil necessary for converting the masse cuite into sugar and molasses. Judgment was rendered in the district court, in March, 1914, perpetuating the injunction in so far as it prevented the sheriff and the Levert Company from interfering with the planting company’s consuming the fuel oil necessaiy for the manufacture of the masse cuite into marketable sugar and molasses, and dissolving the injunction in so far as it had prevented the sheriff and the Levert Company from interfering with the planting company's use of the sugar factory. In the meantime, of course, the planting company had completed the manufacture of its masse cuite into marketable sugar and molasses and had consumed what fuel oil was necessary for that purpose.
The Levert Company has appealed, complaining that the decree that the fuel oil was not affected by the mortgage is erroneous and should be reversed, and that the judgment condemning the sheriff and the Levert Company in solido to pay the costs of the injunction suit should also be reversed. The planting company has filed an answer to the appeal, praying that the judgment be amended by maintaining the injunction in so far as *525 it prevented the sheriff and the Levert Company from interfering with the planting company’s use of the sugar factory.
The learned counsel for the appellee calls our attention to certain events which have occurred since this suit was filed in the district court, from which, he contends, this contest has become a moot case, and the discussion of the legal questions presented is merely academic. The events to which he refers, and of which there is no dispute, are as follows:
In July, 1914, after the property that was seized in the executory proceedings had been sold by the sheriff to the Levert Company and the sheriff had made his return on the writ of seizure and sale, the planting company brought suit to annul the sale on account of certain irregularities in the executory proceedings. .In answer to the suit, the Levert Company insisted that its title was valid, but prayed, in the alternative, that, if judgment should be rendered declaring the sale null, the debt and mortgage in favor of the Levert Company should be reinstated. The planting company thereafter moved to discontinue the action of nullity, but the motion was denied, and judgment was rendered annulling the sale and reinstating the debt and mortgage due to the Levert Company. See State ex rel. John T. Moore Planting Co. v. Howell, Judge, et al., 139 La. 336, 71 South. 529. There was no seizure levied, nor writ of fieri facias issued, on the judgment thus rendered for the debt due the Levert Company, with recognition of the mortgage securing it. Soon after the judgment was rendered, restoring the property to the planting company, the latter went into voluntary bankruptcy in the United States District Court for the Eastern District of Louisiana.
On motion of the liquidators of the Levert Company (that corporation having gone into liquidation after this appeal was taken), they, the liquidators, were made parties to the appeal, as appellants, and the trustees who az’e administering the property of the John T. Moore Planting Company in bankruptcy were made parties as appellees, in this court.
It is admitted in the briefs filed on behalf of all parties to this appeal that all of the fuel oil that was on the plantation at the time of the seizure has been consumed. It is not contended that any damage or injury resulted from the operation of the sugar factory in converting the masse cuite into sugar and molasses while the writ of injunction was in force.
Our opinion is that the appellant has no more right to complain of the planting company’s having used the sugar house and consumed the fuel oil on the plantation, in the manufacture of its masse cuité into sugar and molasses, than if the mortgaged property had never been seized. The effect of annulling the sale made by the sheriff in the executory proceedings, and restoring the property to the planting company subject to the debt and mortgage in favor of the Levert Company, was to reinstate the status which the property had before any seizure was levied upon it. In that situation, before a seizure was levied, the mortgagee had no right to complain of the planting company’s using its sugar house or consuming its fuel oil in the manufacture of its masse cuite into sugar and molasses.
The learned counsel for the appellants contend that, if this appeal be dismissed on the ground that there is nothing in contest, the judgment of the district court may be invoked in the bankruptcy proceeding as the basis for a plea of res judicata on the contention of the planting company that the fuel oil on the plantation was not an immovable by destination, and was not affected by the mortgage in favor of the Levert Company. We cannot see how the judgment of the district court, determining the status *527 of the fuel oil, can have any effect whatever, since the sale of all of the property seized under the writ of seizure and sale has been declared null. If the fuel oil not used by the planting company was seized and sold as an immovable by destination, the sale of it was null, and the situation is the same as if it was not an immovable by destination, not affected by the mortgage, not included in the seizure of the plantation. The Levert Company will have no right to demand, as a mortgage creditor, in the bankruptcy proceedings, an accounting for the fuel oil that was placed on the mortgaged plantation for use and consumption by its owner and was consumed more than two years before the mortgage debtor was adjudged a bankrupt.
The learned counsel for the appellant contend that it is necessary for this court to render a judgment on the issues that were contested in the district court, in order to determine who shall pay the costs of this suit. We do not think so. Act No. 229 of 1910 authorizes appellate courts to tax the costs, of the trial court and of appeal, against any party to the suit, as may, in the judgment of the appellate court, be deemed equitable. A judgment dismissing an appeal is sufficient to tax the costs of the suit. It is deemed equitable, in our judgment, that the Levert Company should have been, as it was, condemned to pay the costs of this suit in the district court, because the annulling of the sale of the property that was seized and sold in the executory proceedings deprived the Levert Company of any right to complain of the planting company's having operated the sugar house and used the fuel oil on the plantation during the seizure.
Our conclusion is that any judgment that we might render on the issues that were contested in the district court would be of no effect whatever, and that the appeal should be dismissed as one in which there is nothing in contest.
The appeal is dismissed, at the cost of the appellant.