(127 So. 623)

## CHAFFE v. CITY OF MINDEN.

No. 30095.

March 5, 1930.

L. K. Watkins, of Minden, for appellant.

A. S. Drew, of Minden, for appellee.

THOMPSON, J.

The minor named in the caption was the owner at the time of the institution of this suit of the south half of lot thirty in the city of Minden, and Mrs. Lillie C. Phillips was the owner of the north half.

The lot is thirty feet wide by one hundred and twenty feet long.

The father of the minor Chaffe at one time owned the entire lot, and at that time there was a one-story frame building, divided into two stores, which extended three feet over on the north half of the lot. The then owner of the lot sold the north half thereof to his sister, the said Mrs. Phillips. The parties recognized the fact that the building encroached on the north half of the lot, and it was agreed that the vendor should have the use of said space without charge until such time as the vendor and the vendee respectively desired to commence the construction of a brick or stone building, when the exact dividing line should be actually ascertained.

Mrs. Phillips notified the plaintiff that she desired to erect a brick building on her half of the lot, whereupon measurements were made and it was found that the plaintiff's building extended three feet over on the Phillips' half of the lot.

The plaintiff applied to the city authorities for a permit to slide or move her building back on to her own lot. The city refused to grant the permit, basing its refusal on the ground that the building code prohibited the removal or repair of a frame building located within the fire limits, as was the building sought to be removed.

This proceeding was instituted to compel the city to grant the permit. After several exceptions and motions were filed and disposed of an answer was filed, the case was tried and judgment was rendered in favor of the plaintiff.

The court held that the prohibited provisions of the building code did not apply to a removal of a building a distance of only three feet and, even if it did apply to such a case, the provision was unreasonable, unjust, and abridges a vested right in the plaintiff.

In this court, a motion was filed to dismiss the appeal on the ground that the issues involved have become moot questions.

It is alleged in the motion that the plaintiff has sold the half of the lot on which the building stood to Mrs. Nancy M. Ferguson, and that Mrs. Ferguson has acquired the north half of the lot from Mrs. Phillips and has entered into a contract for the construction of three brick stores on the said lot.

Attached to the motion is an affidavit of the attorney of the plaintiff to the truth of the facts stated in the motion, and also an affidavit of one Joe R. Miller who swears that Mrs. Ferguson is now (January 23, 1930) constructing a brick building on the lot.

There is also attached to the motion a certified copy of the notarial transfer from plaintiff to Mrs. Ferguson.

The defendant and appellant opposes the motion to dismiss on the ground that the case has been fixed for argument, and that the appellee does not present any evidence that the court can consider which would make the issues moot or that would prevent this court from deciding such issues.

The appellant does not specially deny the facts on which the motion to dismiss is based.

The opposition merely alleges that the facts, if true, which is not admitted, would not authorize the dismissal of the appeal.

The notarial act of transfer is sufficient for this court to act on. It would be doing a vain and idle thing for this court to remand the case for evidence that there was no longer any reason for a permit when that fact appears from the notarial transfer. All that would be necessary, if the case was remanded, would be to formally offer the transfer in evidence and transmit it back to this court.

The judgment appealed from did not annul any provision of the building code, but merely held that it had no application to the case as presented.

The moment the plaintiff sold the property, the judgment, figuratively speaking, died. It became functus officio and ceased to have any effect whatever, either in favor of the plaintiff or against the defendant.

If the judgment were affirmed, it could not be executed.

If it were reversed, the defendant would gain nothing except the mere expression of this court (which is entirely unnecessary) that the district judge misinterpreted the building code. The judgment below could never, therefore, be regarded as having the effect of "the thing adjudged."

In the case of Levert Co. v. Moore Planting Co., 141 La. 522, 75 So. 228, 230, it was said which is particularly appropriate here:

"Our conclusion is that any judgment that we might render on the issues that were contested in the district court would be of no effect whatever, and that the appeal should be dismissed as one in which there is nothing in contest."

In that case, it was also said that a judgment dismissing an appeal is sufficient to tax the costs of the suit.

Aside, however, from what we have said of the grounds for dismissal of the appeal contained in the motion, we find nothing in the pleadings or in the record showing any pecuniary value involved that would give this court jurisdiction of the appeal.

The only question at issue was the right to remove the building, and that right could not possibly approximate a sum in excess of $2,000.

The ownership of the property was not in contest and, if the cost of removal of the building should be taken into consideration, in determining the question of appellate jurisdiction, the evidence shows affirmatively that the cost would not exceed the sum of $500.

For reasons assigned, the appeal is dismissed at the cost of appellant.

O'NIELL, C. J., concurs on the ground that this court has not jurisdiction.