## SUCCESSION OF BONGIOVANNI.

### No. 1966.

Court of Appeal of Louisiana. First Circuit.

March 22, 1939.

Rownd & Tycer, of Hammond, for appellant.

Ponder & Ponder, of Amite, for appellee.

344

OTT, Judge.

This case was previously before us on an appeal by the major heirs of the deceased from a judgment which rejected their demands for an injunction against the administrator of these estates to prevent him from selling the property of the successions under an order of court to pay the debts. That judgment from which the appeal was taken was rendered and signed on January 28, 1938, and we affirmed the judgment for the reason that we found that the trial judge correctly sustained an exception of no cause of action and plea of res adjudicata as the same issues had been presented in a previous petition and a final judgment rendered thereon on October 20, 1937, from which no appeal had been taken. 183 So. 570.

Our opinion on the former appeal was handed down on October 5, 1938, and on October 10th thereafter the major heirs—appellants in the former appeal—secured an order for a devolutive appeal from this judgment of October 20, 1937, which dismissed their first petition in which they sought to enjoin the sheriff and the administrator from selling the property of the successions to pay debts on the grounds set out in their petition, which grounds are summarized in our former opinion.

On March 12, 1938, long before the present order of appeal was obtained, the property of the successions was sold under the order of court to pay the debts. The administrator—Guaranty Bank and Trust Company—filed its final account on April 6, 1938. The account was duly published and no oppositions were filed thereto. The account was approved and homologated by a judgment of court on May 17, 1938, and the funds realized from the sale of the property of the successions were ordered distributed in accordance with the account by the administrator.

The administrator has filed a motion in this court to dismiss the appeal on the grounds: (1) that the judgment appealed from was rendered during the 1937—1938 term of court and the order of appeal was obtained at the 1938–1939 term of court, and no citation of appeal was served on appellee; (2) that since the rendition of the judgment from which the appeal was taken, the property has been sold, a final account filed and approved, and the funds distributed in accordance therewith without opposition by appellants or any one else; that the appeal can therefore be of no avail to appellants, the question of the right of the administrator to sell the property to pay debts now being moot; (3) that appellants have acquiesced in the judgment by taking and prosecuting an appeal from a subsequent judgment.

The first ground set up for the dismissal of the appeal is not well taken as we find from the record that citation of appeal was issued to the administrator on October 17, 1938, and served on the 24th of that month, according to the returns of the sheriff.

■ Where the object of a suit is to prevent by injunction the sale of property, and that suit is rejected by a final judgment of court, a devolutive appeal will not prevent the sale of the property pending the appeal, and a reversal of the judgment which denied the injunction cannot affect the sale of the property by the sheriff pending the appeal. Miller v. People's Homestead & Savings Association, La.App., 161 So. 656; Citizens' Bank v. Bellamy Lumber Company, Wheeland Company, Intervener, 140 La. 497, 73 So. 308.

■ As already stated, when the order for the devolutive appeal was obtained the sheriff had not only sold the property which appellants were trying to keep him from selling, but the administrator had already filed his final account, had it approved and had distributed the funds arising from the sale. It is therefore obvious that, if appellants were successful in convincing this court that the judgment which denied their demands for an injunction is erroneous and this court should reverse that judgment, our decree would be without effect as it could not avoid the sheriff's sale and enjoin him and the administrator from selling the property.

■ Appellate courts do not sit to pass on moot questions and render ineffective decrees. J. B. Levert Company, Ltd., v. John T. Moore Planting Company, Ltd., 141 La. 522, 75 So. 228; Chaffe v. City of Minden, 170 La. 266, 127 So. 623.

The motion to dismiss is well founded and must prevail.

For the reasons assigned, the appeal is dismissed at the cost of appellants.