342 So.2d 1184 (1977)
BRADLEY AND BRAUD, INC.
v.
Gerald Lynn CANADY et al.
No. 11174.
Court of Appeal of Louisiana, First Circuit.
February 14, 1977.
John Dale Powers, Baton Rouge, for plaintiff Bradley and Braud, Inc., appellee.
Lebranche, Baton Rouge, for defendants Gerald Lynn Canady and others, appellants.
Before LANDRY, EDWARDS and COLE, JJ.
COLE, Judge.
Plaintiff-appellee, Bradley and Braud, Inc., filed suit to enforce a "mortgage" by means of executory process, because of the alleged default on a promissory note executed by defendants-appellants, Gerald Lynn Canady and Deborah Negrotto Canady, in favor of appellee. Judgment was rendered on June 8, 1976, denying appellants' claim for an injunction and awarding appellee attorney's fees. On July 2, 1976. appellants were granted a devolutive appeal from the judgment denying the preliminary injunction and awarding attorney's fees. On the same date, on the motion of the appellee, the trial judge signed a judgment dismissing the suit without prejudice. Counsel for appellee, at the same time, orally advised the court that he wished to waive the attorney's fees awarded.
We consider this appeal on the appellee's motion to dismiss based on its mootness.
It is well established that appellate courts do not give opinions on moot questions, *1185 that is, abstract propositions which do not arise from existing facts and from which no practical results will ensue. Behler v. Louisiana State Racing Commission, 251 La. 959, 207 So.2d 758 (1968), and cases cited therein; Pettingill v. Hills, Inc., 199 La. 557, 6 So.2d 660 (1942), and cases cited therein.
Counsel for both appellee and appellants refer to the subsequent seizure and sale of the property under a judgment obtained by ordinary proceedings instituted in a separate suit brought after the dismissal of this action. It is correct that a devolutive appeal from a judgment refusing to grant an injunction is a moot question when the property has already been seized and sold. Pettingill v. Hills, Inc., supra; Mr. Pizza, Inc. v. Furlow, 230 So.2d 649 (La. App. 4th Cir. 1970); Succession of Bongiovanni, 187 So. 343 (La.App. 1st Cir. 1939). However, the seizure and sale of the property under the judgment obtained in a separate suit is not a matter of record in this suit. Yet, the same principle applies in this case as a result of the dismissal of the executory process action. Because this suit has been dismissed, no practical result can follow from any action we might take on appeal. Therefore, the appeal is dismissed.
This opinion does not address the question of the correctness of the judgment denying the injunction against the seizure and sale. Accordingly, the action by this Court in maintaining appellee's motion to dismiss the appeal does not negate or affect the appellants' right in an appropriate proceeding to seek any damages that may have arisen as a result of the suit in question.
For the reasons assigned, the appeal is dismissed, at appellants' cost.
APPEAL DISMISSED.