COVINGTON, Judge.
Plaintiff-defendant in rule, William Brannan, brought a suit against Glenn L. Babin and Stanley A. LaFargue, to recover the principal sum of $30,000.00, allegedly fraudulently obtained by Babin and La-Fargue from Brannan. The trial judge rendered judgment in favor of Brannan, which was affirmed on appeal, with the Court of Appeal holding that Brannan had established that Babin and LaFargue had committed “a tort of intentional misrepresentation,” Brannon (Brannan) v. Babin, 366 So.2d 955 (La.App. 1 Cir. 1978).
In due course, Brannan sought to execute his judgment against certain immovable property belonging to the community of acquets and gains existing between Stanley A. LaFargue and Effie C. LaFargue, which was situated in the Parish of East Baton Rouge, Louisiana. The judicial sale of the subject property was set for April 25, 1979. In the meantime, the plaintiff in rule, Effie C. LaFargue, sought injunctive relief to prevent the sale of the subject property. The defendant in rule, William Brannan, filed an exception of no cause of action, which the trial court sustained based on the case of Corpus Christi Parish Credit Union v. Martin, 358 So.2d 295 (La.1978), cert. den. 439 U.S. 897, 99 S.Ct. 261, 58 L.Ed.2d 245 (1978).
Following the dismissal of the proceedings for injunctive relief and prior to the judicial sale, Stanley A. LaFargue paid the judgment in full, so that the judgment creditor, William Brannan, no longer has a *164 judgment upon which to execute. Because the judgment against LaFargue has been satisfied, no practical result can follow from any action we might take on appeal. It is well established that appellate courts do not give opinions on moot questions. Behler v. Louisiana State Racing Commission, 251 La. 959, 207 So.2d 758 (1968). Bradley and Braud, Inc. v. Canady, 342 So.2d 1184 (La.App. 1 Cir. 1977). Accordingly, the appeal is dismissed at appellant’s costs.
APPEAL DISMISSED.