ON MOTION TO DISMISS APPEAL
COVINGTON, Judge.
Employers Liability Assurance Corporation, Limited (now Commercial Union Insurance Company) moved for dismissal of the appeal of the plaintiffs, Ross H. Robertson and Janice Dianne Robertson, on the ground that the appeal is moot.
This lawsuit was previously decided on the merits by this Court. See Robertson v. Travis, 393 So.2d 304 (La.App. 1 Cir. 1980), writs denied, 397 So.2d 805, 806 (La.1981). We reversed the trial court in part and cast Employers Liability Assurance Corporation, Limited (now Commercial Union Insurance Company) for its $5,000.00 bodily injury liability limits.
The case presented a claim for only one bodily injury, namely to Janice Robertson; although Ross Robertson also sued for her medical expenses.
Plaintiffs’ counsel refused to accept the amount for which Employers Liability Assurance Corporation, Limited was cast; but instead demanded double the amount, claiming policy limits for each plaintiff,[1] and attorney’s fees.
On April 27, 1981, the plaintiffs had a writ of garnishment served on the Commissioner of Insurance of the State of Louisiana, without notice to or service on Employers Liability. The Commissioner, through his counsel, answered the garnishment interrogatories on June 12,1981, denying any *614 funds on hand, but indicating that the State Treasurer possessed a bond or security deposit of the insurance company. The plaintiffs, without serving a writ of fieri facias or seizure on the Treasurer of the State of Louisiana, ruled the Treasurer and the Commissioner of Insurance to show cause why there should not be a garnishment judgment. Even though the Commissioner of Insurance had denied having any funds on hand in his office, and the Treasurer was never served with the writ of fifa (nor was Employers Liability), the judge a quo signed a garnishment judgment on July 9, 1981, not only for the amount that Employers Liability was cast, but for the entire amount of the damages of the plaintiffs against all defendants, and included attorneys fees.
Subsequent to this, the Clerk of Court sent a notice of this garnishment judgment to Employers Liability through the Secretary of State. The record reflects that this was the insurer’s first notice of any seizure activity by the plaintiffs.
Employers Liability immediately made application for a new trial to set aside the garnishment judgment; and also deposited into the registry of the Court the sum of $12,723.78 (representing the $5,000 policy plus interest on that amount, interest on the amount of the judgment plus two-thirds of the court costs). The motion for new trial and to vacate the garnishment judgment was scheduled for hearing on August 4, 1981, before Honorable John D. Kopfler, City Judge, acting as Judge Pro Tempore in the District Court; and the motion and order requiring the plaintiffs to show cause why they should not accept the sum deposited in the registry of the court in full settlement and satisfaction of the judgment was set for hearing on September 21, 1981.
At the hearing on the motion for new trial and for an order vacating garnishment held on August 4, 1981, Judge Kopfler, after reviewing the record and permitting testimony and evidence on behalf of the plaintiffs, entered judgment vacating the garnishment judgment, and dismissing the writ of garnishment previously issued.
At the conclusion of the hearing, plaintiffs’ counsel notified the Court of intention to apply for writs and the judge set a return date.
On September 21, 1981, both counsel appeared in court before Honorable Gordon E. Causey, Judge, to be heard on the rule to show cause why plaintiffs should not be required to accept the amount deposited in the registry of the Court as full payment of the judgment. Plaintiffs’ counsel maintained he should recover double the limits (one limit for each plaintiff), plus attorney’s fees. After arguments had been made, the Clerk of Court mentioned that he had completed a record with the understanding that the plaintiffs had appealed the judgment of August 4, 1981, setting aside the garnishment. Plaintiffs’ counsel verbally indicated that he intended to go forward with the appeal, but that he would like to see what Judge Causey would rule. Counsel for the insurer pointed out that the trial court would be divested of jurisdiction if the plaintiffs had not abandoned the appeal. The judge a quo took the matter under advisement.
During the hearing, plaintiffs also submitted an ex parte order to the lower court to withdraw $10,000 of the funds deposited; and the trial court responded that plaintiffs would have the funds when the court decided how they should be disbursed. Subsequently, without counsel for the insurer present, the lower court signed the ex parte order; and the Clerk of Court wrote a check dated September 21, 1981, to plaintiffs’ counsel for the sum of $10,000.
On October 23,1981, Judge Causey signed a judgment, presented by plaintiffs’ counsel, which stated that the sum deposited in the registry of the court satisfied only the judgment of Janice Robertson (Hobbs), and which additionally cast Employers Liability for $1,133.80, with legal interest from June 30,1967, until paid and all costs, in favor of Ross Robertson for past medical expenses.
At about the same date, the clerk of the trial court completed the record for plaintiffs’ appeal of the August 4, 1981, judgment; and the record was lodged with this *615 Court on October 28, 1981. This appeal is now pending on the docket of this Court, and is the subject of this motion to dismiss.
Employers Liability applied to this Court for a writ of mandamus, setting forth that it was prejudiced in that while plaintiffs continued to keep the matter in procedural suspense, Employers Liability had paid the judgment, the clerk of court had disbursed the deposited funds and the plaintiffs had accepted and received the same.
On November 16, 1981, this Court granted the writ application, docket number 15,-008 (La.App. 1 Cir. 1981), and issued a writ of mandamus, ordering the trial court to set aside the judgment of October 23, 1981, as null and void, and directing that court to render judgment recognizing that the judgment of plaintiffs against Employers Liability Assurance Corporation, Limited (now Commercial Union Insurance Company) has been paid in full and directing the Clerk of St. Helena Parish to cancel from the mortgage records the judgment insofar as it relates to Employers Liability Assurance Corporation, Limited (now Commercial Union Insurance Company).
Employers Liability has now moved this Court to dismiss the appeal concerning the garnishment judgment. The basis for dismissal is that the issue presented on appeal is moot.
As stated above, after appealing the judgment of August 4, 1981, (which set aside the garnishment judgment), plaintiffs applied to the trial court for withdrawal of $10,000 of the judgment funds on deposit, which withdrawal of said sum was made on September 21, 1981.
Furthermore, this Court has issued a writ of mandamus recognizing that the judgment against Employers Liability has been paid and satisfied in full. The trial court has complied with that order (Appendix A). Therefore, any issue concerning the garnishment judgment is moot.
In the case of Brannan v. Babin, 380 So.2d 163, 164 (La.App. 1 Cir. 1979), writ denied, 382 So.2d 165 (La.1980), this Court held that after the judgment had been satisfied, no practical result could follow from any action which the Court might take on appeal, stating:
“... It is well established that appellate courts do not give opinions on moot questions. Behler v. Louisiana State Racing Commission, 251 La. 959, 207 So.2d 758 (1968). Bradley and Braud, Inc. v. Canady, 342 So.2d 1184 (La.App. 1 Cir. 1977). Accordingly, the appeal is dismissed at appellant’s costs.”
Since the judgment which is the subject of this appeal is not a judgment on the merits of the case, but is in fact a judgment concerning a garnishment on a debt which has been paid, no practical result could follow from this appeal, hence, the issue presented on this appeal is moot.
Accordingly, the appeal is dismissed at appellants’ costs.
APPEAL DISMISSED.
APPENDIX A
ROSS H. ROBERTSON ET AL
VERSUS NO. 4629-B
SAMUEL. TRAVIS, ET AL
21ST JUDICIAL DISTRICT COURT
PARISH OF ST. HELENA
STATE OF LOUISIANA
JUDGMENT
Pursuant to the order of the Court of Appeal, First Circuit dated November 16, 1981 in the matter entitled “Ross H. Robertson, et al vs. Samuel Travis, et al" numbered 15,008 on the docket of the Court of Appeal, First Circuit granting writ of mandamus on the application of Employers Liability Assurance Corporation, Limited (now Commercial Union Insurance Company) applying for supervisory writs:
IT IS ORDERED that the judgment of this Court dated October 23, 1981 be and the same is hereby set aside as being null and void:
IT IS FURTHER ORDERED that the judgment of the Court of Appeal, First Circuit dated December 15,1980 in the matter entitled “Ross H. Robertson, et al vs. Samuel Travis, et al” number 13,700 on the docket of the Court of Appeal, First Circuit easting Employers Liability Assurance Corporation, Limited (now Commercial Union *616 Insurance Company) herein be and the same is hereby recognized as paid in full and the Clerk of Court of the Parish of St. Helena, State of Louisiana is hereby authorized, directed and empowered to cancel from the mortgage records of this Parish the said judgment of the Court of Appeal, First Circuit dated December 15, 1980, and the judgment of this Court dated October 23, 1981, insofar as the said judgments relate to Employers Liability Assurance Corporation, Limited (now Commercial Union Insurance Company).
JUDGMENT RENDERED, READ AND SIGNED at Amite, Louisiana, this 13th day of January, 1982.
s/ Gordon E. Causey
Gordon E. Causey
Division “B”

. It has been decided in the mandamus suit herein, Robertson v. Travis (La.App. 1 Cir. 1981), No. 15,008 on the Docket of this Court, writ denied, 409 So.2d 657 (La.1982), that a father cannot recover medical expenses if the personal injury claim has exhausted the policy limits. See Graham v. American Casualty Company of Reading, Pennsylvania, 261 La. 85, 259 So.2d 22 (1972).