GUIDRY, Judge.
At issue in this suit is the validity of an incentive pay plan adopted by the defendant, Concordia Parish School Board, for the 1981-82 school year. The plaintiffs are the Louisiana Association of Educators (LAE), a statewide organization of persons engaged in the teaching profession, and Fred A. Foster, an LAE member and employee of the defendant school board. The plaintiffs prayed for an injunction to prevent the distribution of any funds pursuant to the contested plan, as well as a declaration that the pay plan was both unlawful and unconstitutional. Following trial of the matter, the trial judge found that the pay plan was not unconstitutional, nor did it violate statutory law. From the dismissal of their demands, the plaintiffs appeal.
The incentive pay plan was adopted by the defendant School Board on July 7,1981. It provided that each employee was allowed ten days of sick leave for the 180 day school year. It further provided that the School Board would pay all certified teachers $40.00 per day for each day of sick leave not used, for a possible total of $400.00. Non-certified personnel and support personnel were also to be paid for sick leave not used, at the rate of $30.00 per day. In addition, a bonus of $100.00 was to paid any employee with perfect attendance throughout the school year. The pay plan was funded out of proceeds from a sales tax authorized by the Concordia Parish Police Jury, with 80% of the proceeds of the sales tax to be used to supplement other revenues available to the school board for the payment of teachers’ salaries.
The instant suit was filed on June 3,1982, following the completion of the 1981-82 school year but prior to the distribution of any funds pursuant to the incentive pay plan. On that date, the trial court denied the temporary restraining order sought by the plaintiffs, but ordered the school board to show cause, on June 18, 1982, why a preliminary injunction should not issue to enjoin the school board from implementing the pay plan.
On June 15, 1982, the School Board instructed its superintendent to calculate the amounts owed school board employees under the plan, and to make the payments. The checks were to be issued to the employees on June 25, 1982.
This matter was heard by the trial court on June 18,1982, after which the trial court took the matter under advisement. On August 30,1982, the trial judge signed written reasons for judgment, wherein he resolved the merits of the case in the school board’s favor. Formal judgment was signed on December 9, 1982.
The plaintiffs contend that the incentive pay plan authorizes a deduction from teach *11 ers’ salaries for the use of sick leave in violation of LSA-R.S. 17:1201 et seq. These statutes provide, in part, that all teachers employed by parish school boards are entitled to a minimum of ten days sick leave per school year without loss of pay. Any deduction from a teacher’s pay for the first ten days of absence is prohibited. The plaintiffs also contend that the pay plan constitutes a donation of public funds in violation of Article VII, Sec. 14 of the Louisiana Constitution of 1974, which provides in pertinent part:
“Section 14. (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private.”
We find it unnecessary to reach the issues raised by the plaintiffs, as the instant suit has become moot.
A moot case is one which seeks a judgment or decree which, when rendered, can give no practical relief. Robin v. Concerned Citizens for Better Education in St. Bernard, Inc., 384 So.2d 405 (La.1980). Courts will not rule on questions of law which have become moot since their decree will serve no useful purpose and afford no practical relief. Jones v. Natchitoches Parish Police Jury, 371 So.2d 1243 (La.App. 3rd Cir.1979); Bradley & Braud, Inc. v. Canady, 342 So.2d 1184 (La.App. 1st Cir.1977).
In the instant case, the plaintiffs seek a declaration that the incentive pay plan in question is unconstitutional and/or unlawful, as well as an injunction to prevent its implementation. The trial court denied the plaintiffs’ request for a temporary restraining order pending the resolution of the law suit. The plaintiffs did not apply for supervisory writs to review this ruling by the trial court. Thus, the School Board proceeded with the implementation of the plan. The funds were scheduled to be distributed on June 25, 1982 and the parties agree that this distribution has taken place. The record shows that the Con-cordia Parish School Board had not adopted such an incentive pay plan prior to the 1981-82 school year, and that there were no plans to re-institute the plan in future years. Under these circumstances, a declaration by this court concerning the validity of the pay plan would serve no useful purpose, nor could it afford the plaintiffs any practical relief, since the plan in question has been fully implemented, and the record does not indicate that there is any likelihood that any similar plan will be adopted in the future.
Accordingly, the plaintiffs’ appeal is dismissed as moot. All costs are assessed to plaintiffs-appellants.
APPEAL DISMISSED.