YELVERTON, Judge.
The Town of New Llano brought this action against Flynn Kay, the elected town marshall and chief of police, seeking a judgment declaring that the Mayor and Board of Aldermen had sole authority to terminate municipal employees under the provisions of LSA-R.S. 33:401-403, as those statutes read in 1984. Finding that those statutes did not vest power in the Mayor and Board of Aldermen to terminate the employment of police officers under the supervision of an elected town marshall, the trial court granted judgment in favor of Flynn Kay, the chief.of police and town marshall, declaring that “the Chief of Police of New Llano, Louisiana, as an elected official, has authority to suspend or terminate the employment of an employee in his department.”
From that judgment the Town appeals. The only issue presented is whether the trial court erred in its construction of these statutes. We dismiss the appeal for the reason that the issue raised by the suit is now moot.
The controversy arose on May 17, 1984, when the defendant, the Chief of Police, terminated the employment of Tommy Lackey, a policeman. Lackey went to the Board of Aldermen and sought reinstatement. The Mayor and Board of Aldermen ordered Lackey back to work. The Chief of Police refused to reinstate him. In Octo *951 ber the Town of New Llano filed suit seeking a declaratory judgment in the matter. It sought a judgment declaring that only the Mayor and Board of Aldermen had the authority to terminate municipal employees, including policemen. The Chief of Police was made the defendant. There were no other parties to the proceedings.
The trial court in its written reasons for judgment correctly determined that the applicable statutes were LSA-R.S. 33:401 & 402, which then set forth the powers of the Mayor and Board of Aldermen.
While the present appeal was pending, these provisions were repealed by the legislature, by Acts 1985, No. 890, § 2, effective January 1,1986. For this reason we find it unnecessary to reach the issue raised by the appeal, as the instant suit has become moot.
What makes a case moot is explained in Louisiana Association of Educators v. Concordia Parish School Board, 441 So.2d 9 (La.App. 3rd Cir.1983):
A moot case is one which seeks a judgment or decree which, when rendered, can give no practical relief. Robin v. Concerned Citizens for Better Education in St. Bernard, Inc., 384 So.2d 405 (La.1980). Courts will not rule on questions of law which have become moot since their decree will serve no useful purpose and afford no practical relief. Jones v. Natchitoches Parish Police Jury, 371 So.2d 1243 (La.App. 3rd Cir.1979); Bradley & Braud, Inc. v. Canady, 342 So.2d 1184 (La.App. 1st Cir. 1977).
Here, plaintiff sought a declaration of the rights of the Mayor and Board of Aldermen under certain revised statutes enumerating their authority and powers. Only the Town of New Llano and the Chief of Police were made parties to the suit. Since the officer allegedly improperly discharged was not a party to the suit, any declaration by the lower court or this court cannot prejudice his rights. LSA-C.C.P. art. 1880. The statutes were subsequently repealed. Therefore, this appeal asks this court to review the rights of parties pursuant to statutes which no longer have effect.
For this reason any judgment decreed by this court can give no practical relief and serve no useful purpose. Accordingly, the plaintiffs appeal is dismissed as moot. All costs are assessed to the plaintiff-appellant.
DISMISSED.