Dear Mayor Goldsby:
This office is in receipt of your request for an opinion of the Attorney General in regard to the establishment of the Amite Historic Preservation Commission. The Twenty-First Judicial District Court ordered that Amite's Ordinance No. 4-1994 that established the Amite Historic Preservation Commission was null and void inasmuch as the ordinance "was not adopted in strict compliance with the provisions of Louisiana Revised Statutes25:731, et seq."
We find pursuant to R.S. 25:733 the governing authority must appoint a study committee to investigate any proposed historic preservation district, who will then render a report to the planning or zoning agency serving the governmental unit, as well as to the State Art, Historical, and Cultural Preservation Agency, and other entities as listed in the statute if applicable. It is further provided "a public hearing shall be held by the planning or zoning agency or commission, if one exist, serving the governmental unit." The planning or zoning agency then submits a final written report to the governing authority who may adopt the recommendation of the study committee upon determination that creation and establishment of historic a preservation district is in the public interest. By ordinance the district may be created along with a historic preservation district commission. By telephone conversation we have been informed that the basis for the trial judge's ruling finding the ordinance was without effect was that the report of the study committee was not submitted to the planning or zoning agency for public hearing in conformity with the statutory provision.
You state that the Town of Amite seeks an opinion from this office asking whether the Town can proceed to establish a new Amite Historic Preservation Commission while the case is pending on suspensive appeal in order to expedite the procedure to insure the continuation of improvements to the downtown area and funding from the Louisiana Office of Historic preservation in the event the ruling of the trial court is affirmed. Additionally, you indicated certain changes would be sought in the new ordinance. We find nothing that would prevent the renewal of the procedure to establish the Amite Historic Preservation Commission in accordance with the provisions of R.S. 25:731 et seq. However, we find it pertinent to caution that this could possibly result in a finding by the Court of Appeal that the pending appeal involving Ordinance No. 4-1994 is moot by new proceedings to enact a new Amite Historic Preservation Commission which includes presentation to the Planning and Zoning Commission.
The jurisprudence has established a case is moot which seeks a judgment or decree which, when rendered, can give no practical relief, and has recognized a case may become moot by a change that has eradicated the effects of the alleged violation such as a change in the law. Cat's Meow v. City of New Orleans,720 So.2d 1186 (La. 1998), La. Associated Gen. Contractors v.State, 669 So.2d 1185 (La. 1996), Louisiana Assn. of Educatorsv. Concordia Parish School Board, 441 So.2d 9 (La.App 1983). Consequently, in this regard a declaration by the court concerning the validity of the existing ordinance would have no practical effect if another Ordinance had since been enacted in compliance with R.S. 25:731, et seq.
Therefore, while proceedings may commence to establish a new Historic Preservation District, it would appear consideration must be given to insuring that the procedure does not go so far as to affect the viability of the issue in the pending appeal.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: BARBARA B. RUTLEDGE
Assistant Attorney General
BBR