LEMMON, Judge.
This is an appeal from a judgment dismissing an expropriation suit on an exception of no cause of action.
The City of New Orleans filed suit again'. Viola Morrison to expropriate certain property allegedly necessary for a Street Widening and Improvement Program. Although no pleadings were ever filed on behalf of the defendant, several trial dates were continued by consent while the attorneys conducted settlement negotiations.
After negotiations broke down, the attorneys for the City were informed that Viola Morrison had been deceased for a number of years. On June 30, 1969, about six months after the filing of the original petition, the City filed a supplemental and amended petition substituting the known heirs of Viola Morrison as parties defendant, and each of the new defendants was served with a copy of the original petition and of the supplemental and amended petition. However, no order was issued fixing the time for trial of the suit.
Defendants moved for and were granted four extensions of time within which to answer or otherwise plead, the last one extending the time to November 14, 1969. In the meantime the minute clerk for the trial judge filed in the record on October 27, 1969 a notice of trial addressed to the attorneys for the City and for the defendants, fixing the cause of trial on November 10, 1969. This fixing was apparently continued by consent, and on November 13, 1969 an exception of no right or cause of action and motion to dismiss was filed on behalf of the defendants.
On December 1, 1969, a similar notice of trial was filed, fixing the cause for *314 trial on December 16, 1969. At the hearing on that date the trial judge maintained the exception of no cause of action and dismissed the suit. No written reasons were assigned.
Timely Filing of Exception
The City contends that the defendants waived the defenses raised in the exceptions by failing to file an answer within ten days of the notices of trial dated October 27, 1969 and December 1, 1969.
LSA-R.S. 19:6 and 19:7 are the controlling statutory provisions:
“§ 6. Service of answer on plaintiff
“The defendant shall file his answer and serve a copy thereof on the plaintiff within ten days after the service upon the defendant of the notice of the time fixed for the trial. Every answer when filed shall have a certificate there-, on showing the service thereof.
“The answer shall be served personally or by mail on either the plaintiff or his attorney of record in the suit.” (Emphasis added)
“§ 7. Laches by defendant forfeits defenses
“Failure of the defendant in any such suit to file his answer timely or to serve a copy thereof on the plaintiff timely constitutes a waiver by the defendant of all defenses to the suit except claims for money as compensation for the property sought to be expropriated and claims for money as damages to other property.”
Defendants contend that the service of the notice of trial was insufficient for the reasons that the notices were not accompanied by certified copies of the order fixing the time of the trial, the notices were served by mail, the notices were issued by the minute clerk rather than the clerk of court, the notices were served on the attorney rather than the defendants, and the notices were not served at least twenty days before the time fixed for the trial, all as required by LSA-R.S. 19 :S.[1]
It is unnecessary that this court pass upon the validity of the notices, since there is no indication in the record that the notices were ever served. It is therefore impossible to determine the date on which the ten day period for answering began, if ever. Under these circumstances this court is of the opinion that the exception was timely filed.
Although the defendants had actual notice (through their attorney) of the pending litigation for one year prior to filing the exception, the City at any time during the negotiations and delays could have imposed the stringent time requirements by strictly following the expropriation statute. The City is not now being penalized for their acquiescence in the delays, but rather the landowners are being allowed to fully utilize their defenses that they allegedly waived. The power of expropriation is in derogation of the fundamental right of free and unmolested ownership of property, and a landowner should be afforded every opportunity to protect his interest therein consistent with law and equity. Central La. El. Co. v. Covington & St. Tammany L. & I. Co., 131 So.2d 369 (La.App.1961).
Merits of Exception
A petition for expropriation must contain a statement of the purposes for which *315 the property is to be expropriated, describing the property necessary therefor with a plan of the same, a description of the improvements thereon, if any, and the name of the owner if known and present in the state. LSA-R.S. 19:2.1 A (2). The petition must conclude with a prayer that the property be adjudicated to the plaintiff upon payment to the owner of all damages he may sustain in consequence of the expropriation. LSA-R.S. 19:2.1A(3). The petition filed by the City unquestionably meets these statutory requirements.
Defendants base their exception of no cause of action on the failure of the City to allege in their petition compliance with the requirements of LSA-R.S. 33:108 and 115, which refer to adoption of plans by Planning Commissions and recordation of certified copies thereof, and of Article V, Chapter V, Section 5-505 of the Home Rule Charter of the City of New Orleans, which provides for notice by registered mail to owners of record before adoption by the City Council of plats showing a planned or mapped street. Attached to the exception are certain documents purporting to show the non-observance of the requirements.
This court cannot consider these documents on an exception of no cause of action, but may consider the necessity of pleading in the petition the completion of these alleged requirements prior to the filing of the suit. If the requirement constitutes a suspensive condition or a condition precedent which must be met to bring into existence the expropriation power of the authority, then the failure to plead compliance with such requirement is fatal to the petition. This defense may be raised by the peremptory exception, the function of which is to have the plaintiff’s action declared legally non-existent. LSA-C.C.P. art. 923.
Defendants have not referred us to any statutory requirement or jurisprudence that an expropriating authority must plead and prove adoption of a formal resolution or ordinance, or any preliminary steps thereto, in order for the power of eminent domain to vest in the authority. This power is conferred upon the City by LSA-R.S. 19:2, and the only “conditions” upon this grant are that the taking must be of “needed property” and that a “price cannot be agreed upon with the owner.” The City’s petition alleges compliance with both of these conditions.
 Since adoption of a formal ordinance or resolution is not a condition precedent to the exercise of the power of expropriation, the ordinance or resolution and any preliminary steps thereto constitute waivable requirements which possibly may be raised as other exceptions or as an affirmative defense. In City of Gretna v. Mitchell, 64 So.2d 873 (La.App. 1953) the defendant excepted to the failure of the City to allege a resolution or ordinance authorizing the expropriation. The court held that the defendant waived this objection by failing to file a timely answer.
It is the opinion of this court that the petition for expropriation states a cause of action. Accordingly, the judgment is reversed, and the case is remanded to the district court for further proceedings in accordance with law and the views expressed herein. All costs of this appeal are assessed against defendants-appellees.
Reversed and remanded

. “§ 5. Time of trial; notice to defendant “On the institution of a suit for expropriation, the trial court shall issue an order fixing the time of the trial of the suit. The clerk of court shall thereupon certify a copy of the plaintiff’s petition and of the order and issue a notice to the defendant of the time fixed for the trial.
“The notice issued by the clerk of court, together with the certified copy of the plaintiff’s petition and of the order, shall be served on the defendant at least twenty days before the time fixed for the trial of the suit.”