472 So.2d 229 (1985)
TERREBONNE PARISH POLICE JURY
v.
Allen J. KELLY and Ernest A. Kelly.
No. 84 CA 0544.
Court of Appeal of Louisiana, First Circuit.
June 25, 1985.
*230 Herbert W. Barnes, Jr., Samanie & Barnes, Houma, for plaintiff and appellant Terrebonne Parish Police Jury.
Ernest A. Kelly, Houma, for defendant and appellee Allen J. Kelly.
Remy Chiasson, Thibodaux, for defendant and appellee Ernest A. Kelly.
Before WATKINS, CRAIN and ALFORD, JJ.
CRAIN, Judge.
This is an appeal by the Terrebonne Parish Police Jury from the judgment of the trial court in an expropriation proceeding in favor of defendant, Allen J. Kelly and Ernest A. Kelly.

FACTS
This court previously reviewed the factual and legal history of this case in Terrebonne Parish Police Jury v. Kelly, 428 So.2d 1092, 1093 (La.App. 1st Cir.1983) as follows:
The Terrebonne Parish Police Jury, for whatever reason, failed to secure a right-of-way prior to excavating a drainage canal across appellees' land. In an action entitled, Allen J. Kelly, et al. v. Terrebonne Parish Police Jury, in the 32nd Judicial District Court, Parish of Terrebonne, appellees successfully sought to have their possession recognized, to have appellants enjoined from disturbing their possession and to have appellants ordered to fill in the ditch. This judgment was signed on May 7, 1981, and in it, the police jury was ordered to have the ditch filled in within six months of the signing of the judgment. Prior to the expiration of the six month period, appellant filed the expropriation suit at issue in this appeal.
Appellees excepted to the expropriation petition on the grounds of prematurity and res judicata. Trial of this matter was set for November 20, 1981, at which time the trial judge decided to continue the matter for thirty days in order to review the record in the former possessory action which served as the basis of appellees' exception of res judicata. The trial was resumed on February 4, 1982, but was again continued, this time for a period of ninety days in order to allow counsel for appellant to get a clarification and/or amendment of the judgment in the possessory action, or to apply to the Court of Appeal for relief.
The trial judge in the possessory action denied appellants' motion to amend the judgment. In addition to filing the above mentioned motion, appellant attempted to deposit in the registry of the 32nd Judicial District Court what it considered to be funds sufficient to adequately compensate *231 Allen J. Kelly for his interest in the property being expropriated. The trial judge ordered all parties to show cause on March 26, 1982, why the deposit should or should not be allowed. Appellees next filed a motion for contempt based on appellant's attempted deposit which was also scheduled to be heard on March 26, 1982.
A reading of the transcript of the March 26th trial reveals that the trial judge dismissed the expropriation suit based on his belief that the injunction issued in the possessory action was broad enough to ban the police jury from bringing the expropriation suit. Additionally, the trial judge awarded Allen J. Kelly attorney's fees in the amount of $7,250.00.
This court held that the Police Jury could not be enjoined from bringing the expropriation suit. In view of the fact that the trial judge erroneously dismissed the expropriation suit, the award of attorney's fees under La.R.S. 19:201 was found to be improper. The case was reversed and remanded to the trial court in order to allow the expropriation suit to proceed.
Trial was held on June 2, 1983. Judgment was in favor of the Kellys and against the Terrebonne Parish Police Jury dismissing the expropriation suit. Defendant, Ernest A. Kelly, was awarded $15,000 in attorney's fees and defendant, Allen J. Kelly, was awarded $7,500 in attorney's fees. The Police Jury appeals the ruling of the trial court alleging that the trial court erred (1) in finding the Police Jury to be in contempt of the trial court order in the possessory action which was the subject of the appeal in Terrebonne Parish Police Jury v. Kelly, supra; (2) in finding that the Police Jury was not authorized to file the expropriation suit; (3) in finding that the proposed taking was not for a public purpose; (4) in awarding attorneys' fees on behalf of defendants.

EXPROPRIATION FOR A PUBLIC PURPOSE
The state or its political subdivisions may expropriate needed property where the state and the owner cannot agree upon a price. La.R.S. 19:2(1). However, La. Const., art. I, § 4 provides in part:
[P]roperty shall not be taken or damaged by the state or its political subdivisions except for public purposes and with just compensation paid to the owner or into court for his benefit. Property shall not be taken or damaged by any private entity authorized by law to expropriate, except for a public and necessary purpose and with just compensation paid to the owner; in such proceedings, whether the purpose is public and necessary shall be a judicial question.
As stated by the Louisiana Supreme Court in City of New Orleans v. New Orleans Land Co., 173 La. 71, 136 So. 91, 93 (1931): "Our conception of the law is that where the state or a municipality seeks to acquire property by the exercise of the power of eminent domain, the primary question is whether or not the taking is for the public use." It is the responsibility of the courts to determine whether a taking is for a public or private purpose. United Gas Pipe Line Company v. Blanchard, 149 So.2d 615 (La.App. 1st Cir.1963), writ denied, 244 La. 135, 150 So.2d 590 (1963). "Expropriation laws are `special and exceptional in character,' in derogation of common rights, and as such must be strictly construed." Blanchard, 149 So.2d at 617.
Various guidelines have been established by the courts to determine whether a proposed expropriation is for a public purpose. The courts look to the extent of the public's right to its use rather than the number of persons actually using the property at any given time. Texas Pipe Line Company v. Stein, 190 So.2d 244 (La.App. 4th Cir.1966), reversed on other grounds, 250 La. 1104, 202 So.2d 266 (1967). The persons or interests affected need not be within the political subdivision in which the property to be expropriated is located. Louisiana Resources Company v. Greene, 406 So.2d 1360 (La.App. 3rd Cir.1981), writ denied, 412 So.2d 84 (La.1982). Where the purpose is to promote the public health, *232 safety and morals of the residents or inhabitants of a state or political subdivision, such purpose is public. State ex rel. Porterie v. Housing Authority of New Orleans, 190 La. 710, 182 So. 725 (1938). In order to show a public purpose there must be a "general public right to a definite use of the property, as distinguished from a use by a private individual or corporation which may prove beneficial or profitable to some portion of the public." River & Rail Terminals v. Louisiana Ry. & Nav. Co., 171 La. 223, 130 So. 337, 340 (1930).
The Police Jury contends that the right of way to be expropriated is needed to drain Bourg Heights Subdivision and to receive the effluent overflow from the sewerage oxidation pond in which sewerage is pumped from Bourg Heights Subdivision. In its reasons for judgment, the trial court found that the Police Jury had failed to carry the burden of proof that the proposed taking was for a public purpose. The court stated that the primary function of the canal traversing the Kelly property was to drain the effluent from the sewerage oxidation pond servicing Bourg Heights Subdivision. In addition, it was found that the oxidation pond is privately owned, is operated on private property, is neither checked nor maintained by the Police Jury, and the primary reason given by the Police Jury for expropriating the Kellys' property is that the canal is already in existence and is presently used for drainage of the oxidation pond and the subdivision. The Police Jury admits that to fill in the existing canal and dig a new drainage canal in a different place would be economically unfeasible and that the reason the Kellys were singled out for the expropriation proceedings was to avoid compliance with the order by Judge Pettigrew in the possessory action requiring the Police Jury to fill up the canal.
The evidence was uncontradicted that the sewerage oxidation pond was necessary to service the residents of Bourg Heights Subdivision. Were there no outflow drainage from the sewerage oxidation pond to Bayou Lacache, the pond would overflow to the lands of adjacent property owners which would present a health hazard to the neighboring public. Mr. Robert S. Jones, Parish Engineer for Terrebonne Parish, testified that unless drainage was available to drain Bourg Heights Subdivision, after rainfall the water would drain from the yards into the ditches presently existing in the subdivision and would remain standing in those ditches. This would present a hazard to the health and safety of the subdivision residents.
The developers of Bourg Heights Subdivision presumably profited from their development of the subdivision. The oxidation pond was provided to service the subdivision yet no provision was made by the developers to drain the oxidation pond or to drain the surface water from the subdivision into Bayou Lacache. The private property of defendants has been used, without their permission and despite their opposition, to receive the effluent from the oxidation pond and to drain the subdivision. Their property is now subject to expropriation by the Police Jury in order to provide drainage which the developers should have provided at the inception of Bourg Heights Subdivision. However, in light of the jurisprudential interpretations of public purpose we find that overflow drainage of the sewerage oxidation pond and drainage of Bourg Heights Subdivision is a public purpose. Such purpose inures to the benefit of the subdivision residents and all neighboring inhabitants and property owners who would be exposed to health hazards associated with sewerage overflowing from the pond onto their lands and standing water in the subdivision ditches should no drainage system exist. Thus, the use of the expropriated canal accrues to the public. Accordingly, we reverse that portion of the trial court's judgment which dismissed the expropriation.

ATTORNEY'S FEES
When a court of this state has jurisdiction in an expropriation proceeding instituted by the state or one of its political subdivisions, that court shall reimburse the owner of the property (defendant in expropriation *233 suit) for the reasonable attorney's fees actually incurred due to the expropriation proceeding. Such award is contingent upon final judgment being that plaintiff in the expropriation proceedings may not acquire the property by expropriation or that plaintiff has abandoned the proceedings. La.R.S. 19:201. Since we have determined that the trial court erred in dismissing the expropriation suit, we find that the attorney's fees were improperly awarded. Accordingly, we reverse that portion of the judgment awarding attorney's fees to the Kellys.

AUTHORIZATION OF POLICE JURY TO FILE THE EXPROPRIATION SUIT
The Police Jury contends that the trial court erred in finding that the Police Jury was unauthorized to bring this expropriation proceeding. No reference was made to the lack of authorization in the final judgment. In its written reasons for judgment, however, the trial court stated that the Police Jury can act only through resolutions or ordinances enacted by its members and no resolution or ordinance authorizing the expropriation suit by the Police Jury had been introduced as evidence at the trial.
The adoption of a formal ordinance or resolution by the expropriating authority authorizing expropriation is not a condition precedent to expropriation. The resolution or ordinance should be treated as a waivable requirement which must be raised as an exception or affirmative defense. City of New Orleans v. Morrison, 241 So.2d 312 (La.App. 4th Cir.1970), writ refused, 257 La. 609, 243 So.2d 274 (1971). Defendants failed to plead lack of authorization of the expropriation as an affirmative defense or as an exception, thereby waiving that requirement.

CONTEMPT OF COURT
The final judgment does not hold that the Police Jury is in contempt of court. Neither is the brief reference to contempt of court in the written reasons for judgment used as a basis for dismissing the expropriation suit. Consequently, the Police Jury's contention in this respect is without merit.
Since the trial court dismissed the expropriation suit, no consideration was given as to just compensation. Consequently, this case is remanded to the trial court for consideration and determination of the appropriate and just compensation to defendants in light of the circumstances herein. Additional evidence may be taken with respect to this issue, if necessary. Costs of this appeal are to be paid by appellees.
REVERSED AND REMANDED.