BYRNES, Judge.
Defendant Barry Condon and inter-venors, Cheryl and Timothy Beck, appeal a judgment allowing the expropriation by the City of New Orleans of a piece of land owned by Condon and on which both Con-don and Cheryl Beck operate businesses. We reverse.
The City of New Orleans filed suit against Barry Condon seeking to expropriate a triangular piece of land bounded by Decatur, North Peters and Conti Streets in the Yieux Carre in the City of New Orleans on which Condon operates a service station. Condon’s sister, Cheryl Beck, and her husband, Timothy Beck, intervened claiming monetary damages which would allegedly result from the expropriation due to loss of *985 an automobile parking business Cheryl Beck operates at that location.
The trial court rendered a judgment of expropriation awarding full ownership of the property to the City of New Orleans for the sum of one hundred forty-six thousand and 00/100 ($146,000.00) dollars plus an award of three thousand five hundred and 00/100 ($3,500.00) dollars for the appraisal fees incurred by Condon. Condon received no compensation for the loss of his service station and the intervention filed by the Becks was dismissed with prejudice.
Condon and the Becks appeal alleging the trial court erred in allowing the City to expropriate the property without passing an ordinance ordering the expropriation.
The City concedes that no ordinance authorizing the expropriation of the subject property has been passed by the City Council. The City contends, however, that such an ordinance is not a necessary prerequisite to expropriation. Alternatively, the City alleges the requirement of an ordinance was waived by plaintiff.
The power of the City of New Orleans to expropriate is derived from LSA R.S. 19:102 which provides that “[wjhere a price cannot be agreed upon with the owner, any municipal corporation in Louisiana may expropriate property whenever such a course is determined to be necessary for the public interest by the governing authority of the municipality; ...” The Home Rule Charter of the City of New Orleans defines the governing authority of the City of New Orleans as the Mayor—Council form of government. New Orleans, Louisiana, Home Rule Charter Art. 1, Section 1-102. All legislative powers are vested in the Council. Every act of the Council which is to become law must be by an ordinance which embraces one subject and is adopted by the affirmative vote of a majority of all members of the Council. Id. Art. 3 Sections 3-101(1), 3-111, 3-112. Expropriation laws are special and exceptional in character. They are in derogation of common rights and, as such, must be strictly construed. United Gas Pipe Line Company v. Blanchard, 149 So.2d 615 (La.App. 1st Cir.1963), writ denied, 244 La. 135, 150 So.2d 590 (1963).
Therefore to exercise its power to expropriate the City of New Orleans, through its governing authority, the City Council, must pass an ordinance authorizing the expropriation. Failure to do so is fatal, if defendant’s answer was timely filed. LSA-R.S. 19:7; City of New Orleans v. Morrison, 241 So.2d 312 (La.App. 4th Cir.1970), writ denied, 257 La. 609, 243 So.2d 274 (1971).
The record reflects that on January 7, 1988 the City filed a Petition for Expropriation. On January 22, 1988 defendants filed exceptions of no cause of action and no right of action. The hearing on these exceptions was continued several times before finally being deferred to the trial on the merits. The record fails to reveal that the answer was filed untimely. La.C.C.P. art. 1001. Therefore, the statutory requirement that the City pass an ordinance ordering the expropriation was not waived and appellant’s reliance on that requirement is well placed.
Considering the foregoing, the other issues raised by appellant are moot. The judgment of the trial court is reversed. Costs of this appeal are assessed against the City of New Orleans.
REVERSED.