LOTTINGER, Chief Judge.
This appeal arises out of an expropriation action filed by a political subdivision against a private landowner which political subdivision subsequently moved to dismiss. The dismissal was opposed by the landowner who thereafter filed a motion to tax costs alleging that he had not been reimbursed for attorney fees and other expenses incurred by him in connection with this litigation. Following a hearing, the district court partially granted the landowner’s motion and awarded him attorney fees in the amount of $6,572.50. The political subdivision now appeals.
FACTS
On or about November 7, 1994, plaintiff, St. Tammany Hospital Service District No. 2, d/b/a Slidell Memorial Hospital and Medical Center (hereinafter, “SMH”), filed the instant expropriation action seeking to expropriate certain immovable property owned by defendant, Chris Schneider (hereinafter, “Schneider”), situated at 1380 Fourteenth Street in Slidell, Louisiana. Schneider responded with a general denial praying for dismissal of the suit, and in the alternative, for just compensation, and in addition, put forth a claim for damages, including a claim for reimbursement of litigation expenses and costs.
SMH later concluded that the planned expropriation was no longer in the best interest of either SMH or the public, and on January 26, 1996, filed a motion to dismiss the action. Thereafter, Schneider filed a Motion to Tax Costs wherein Schneider sought to recover the sum of $39,559.99[1] in damages which he *157 alleges were sustained by him as a result of the filing by SMC of this expropriation action. Schneider further asked that the court schedule a hearing on his motion prior to its scheduled hearing on SMC’s motion to dismiss its expropriation action.
| sAs SMC was not timely served with Schneider’s motion, the hearing date on said motions was subsequently rescheduled for a date a month and a half later. In light of said continuance, Schneider filed a supplemental memorandum setting forth additional damages totaling $46,525.14[2]. The transcript of the hearing on Schneider’s motion indicates that the parties stipulated that the hearing would be confined to whether or not Schneider could recover attorney fees pursuant to La. R.S. 19:201, and that Schneider’s claim for damages would be postponed to another date. Following a hearing, the trial judge took the matter under advisement, and thereafter rendered judgment iii Schneider’s favor awarding him attorney fees in the amount of $6,572.50.[3] From this judgment, SMC now appeals.
ASSIGNMENT OF ERRORS
In its brief to this court, SMC sets forth the following assignments of error:
1.) The trial court erred by failing to find that La. R.S. 19:201 precludes a claim for attorneys fees; and
2.) The trial court erred by awarding attorneys fees pursuant to La. Const. Art. 1, J4.
DISCUSSION
The sole issue before us in the instant appeal is whether the trial court erred in awarding attorney fees to defendant. Appel-lee, Schneider, relies upon La. R.S. 19:201 to support his claim for attorney fees. That statute, which provides that a landowner may recover his attorney fees in the event of an unsuccessful or abandoned expropriation, states:
A court of Louisiana having jurisdiction of a proceeding instituted by the State of Lotdsiana, a parish, a municipality or an agency of any of them vested with the power of expropriation, to acquire real property by expropriation, shall award the owner of any right, or title to, or interest in such real property such sum as will, in the opinion of the court, reimburse such owner for his reasonable attorney fees actually incurred because of the expropriation proceeding, if the final judgment is that the plaintiff cannot acquire the real property by expropriation or if the proceeding is abandoned by the. plaintiff. Any such award shall be paid from the same funds from which the purchase price of the property would have been paid.
The rights of the landowner herein fixed are in addition to any other rights he may have under the Constitution of Louisiana.
La. R.S. 19:201 (Emphasis supplied).
Appellant, SMC, while conceding its status as a political subdivision, argues that it is not a state, parish or municipal “agency” as contemplated by La. R.S. 19:201, and thus not responsible for attorney fees. While it appears that SMC is asserting a distinction without a difference, resolution of this issue must, unfortunately, wait until another day.
It is the opinion of this court, based upon our reading of the statute, that a defendant property owner’s right to recover attorney fees under La. R.S. 19:201 is contingent upon either the rendition of a final judgment to the effect that the expropriating authority cannot acquire the property, or the abandonment of the expropriation proceeding by the expropriating authority. See Terrebonne Parish Police Jury v. Kelly, 472 So.2d 229, 233 (La.App. 1st Cir.), writ granted, 476 So.2d 340 (La.), amended on other grounds, 478 So.2d 690 (La.App. 1st Cir.1985).
*158 In the case sub judice, the record reveals that the expropriating authority, SMC, filed a motion to dismiss its expropriation proceeding which was thereafter set for hearing. Schneider objected to the dismissal, and requested that his motion for attorney fees be heard immediately prior to the hearing on SMC’s motion to dismiss. Following the hearing on Schneider’s motion, the trial court rendered judgment awarding attorney fees which is the basis of the instant appeal; however, there is no evidence in the record to indicate whether this matter was ultimately dismissed. Absent a dismissal of the expropriation proceeding, an award of attorney fees was improper.[4] Terrebonne Parish Police Jury v. Kelly, 472 So.2d at 233.
Therefore, for the foregoing reasons, the trial court’s judgment awarding attorney fees to defendant is hereby reversed, and this matter is remanded to the trial court with instructions that the record be supplemented with evidence as to the ultimate disposition of this matter. Defendant’s right to seek attorney fees upon dismissal is hereby preserved. All costs associated with this appeal shall be assessed against appellee, Chris Schneider.
REVERSED AND REMANDED.
SHORTESS, J., agrees with the majority and observes that even if we addressed the merits, this litigation would not be over.

. Initially, Schneider alleged that he incurred, and was entitled to recover, $39,559.99 in damages as a result of the filing by SMC of this expropriation. Specifically, Schneider itemized his damages as follows:
a.) $ 189.00 —Court costs
b.) $ 3,076.73 —Attorney fees to date
c.) $ 650.00 — Estimated attorney fees through 3/6/96 hearing date
d.) $ 620.00 — Expert fees for Certified Public Accountant
e.) $ 2,500.00 — Expert fees for appraisal of property
*157 e.) $ 325.00 —Engineering services required by appraiser
f.) $ 32,064.26 — Loss of rent at $66.94 per day for 479 days
It should be noted that the aforementioned items of damage total $39,424.99, not the $39,-559.99 sought by Schneider.

. Specifically, Schneider claims to have incurred an additional $1,945.77 in attorney fees and estimated attorney fees, as. well as an additional $5,154.38 in lost rental income.

. Despite SMC’s written request for the court’s reasons for judgment pursuant to La.Code Civ. P. art.1917, no oral or written reasons for judgment appear in the record.

. The trial court could have either included an award of attorney fees in the judgment of dismissal, or reserved to the landowner the right to seek an award of attorney fees either through a subsequent rule to show cause, or through a separate suit in the nature of an action for damages.